Opinion by
 

 Spaulding, J.,
 

 Having alleged illegal sentencing procedure and the denial of effective assistance of counsel in the course of three 1966 prosecutions to which he pleaded guilty, appellant sustained a dismissal without hearing of his Post Conviction Hearing Act petition by the court below which found that the “sentences imposed were proper” and “[t]he claim of denial of right to counsel . . . patently frivolous.” The latter finding was apparently based at least in part on the fact that appellant had “met with his counsel two times.”
 
 [1]
 

 Although it is true that a petition may be dismissed when there are no facts alleged in support of the legal conclusions constituting the basis for the relief requested,
 
 Commonwealth v. Snyder,
 
 427 Pa. 83, 102, 233 A. 2d 530, 540 (1967), such action must be applied in conjunction with several other, now well established, procedures dictating that counsel be appointed contemporaneously with the filing of the petition
 
 [2]
 
 and that
 
 *466
 
 petitions cannot be dismissed for want of particularity without first granting an opportunity of amendment.
 
 [3]
 
 It would seem that neither procedure was given cognizance in the proceedings below.
 

 Accordingly, we remand the record for the appointment of counsel to aid petitioner in his post-conviction proceedings.
 

 [1]
 

 All quotations from the unreported opinion and order of Quarter Sessions Court of Westmoreland County entered January 17, 1968 at No. 122, October Term, 1967 and No. 152, January Term, 1966.
 

 It would appear that the criterion on which the court below based its dismissal of the allegation of counsel ineffectiveness (assuming that the procedural posture of the ease at that time was such that it was proper to consider the merits) was inappropriate in light of the recent case of
 
 Commonwealth ex rel. Washington v. Maroney,
 
 427 Pa. 599, 235 A. 2d 349 (1967).
 

 [2]
 

 Commonwealth v. Hoffman,
 
 426 Pa. 226, 232 A. 2d 623 (1967) ;
 
 Commonwealth v. Richardson,
 
 426 Pa. 419, 233 A. 2d 183 (1967).
 

 [3]
 

 Act of January 25, 1966, P. L. (1965) 1580 §7, 19 P.S. 51180-7 (Supp. 1968).