## Commonwealth *v.* Payton, Appellant.

*Thomas C. Zerbe, Jr.,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

This is an appeal from the denial of a PCHA petition by the Common Pleas Court of Dauphin County. Appellant contends that the lower court erred in denying his petition without affording him an evidentiary hearing on the allegations presented by his petition for collateral relief.

Appellant was sentenced in 1947 after entering pleas of guilty to several indictments charging the commission of eighteen burglaries. In 1969 appellant filed a pro se PCHA petition alleging that he was deprived of the effective assistance of counsel, that his guilty pleas were induced by a coerced confession, and that he was denied his appeal rights. The lower court dismissed this petition, but permitted the appellant to file any other post-conviction motions that he might deem appropriate.

Subsequently, motions for post-conviction relief were filed,[1] and denied by the lower court without an evidentiary hearing. These motions alleged that his confession was the result of the police holding him incommunicado after denying him the right to contact counsel. He then alleges that the plea of guilty was primarily motivated by the confession and that he was deprived of the effective assistance of counsel.

The lower court dismissed the petition on the basis of *Commonwealth v. Marsh,* 440 Pa. 590, 271 A. 2d 481

---

[1] Although appellant's self-styled second petition was captioned as a post-trial motion, it should be treated as a petition for post-conviction relief or an amendment of the previous petition because it was filed pursuant to the permission granted by the court to file any other post-conviction petition that appellant deemed appropriate.

(1970), which adopted for Pennsylvania the rule of *McMann v. Richardson,* 397 U.S. 759 (1970). The court held that a defendant must demonstrate all of the following before a guilty plea will be invalidated on the grounds that it was the result of an involuntary confession: (1) an involuntary pretrial confession, (2) that the guilty plea was primarily motivated by that confession, and, (3) that the defendant was ineffectively advised by counsel to plead guilty rather than stand trial. *Commonwealth v. Marsh,* supra at 593.

The appellant has *alleged* in his petition all of the factors that *Marsh* requires to be *demonstrated* before a guilty plea will be invalidated. The lower court, however, denied him the right to demonstrate the truth of those allegations which, if proven, would have entitled him to relief. Appellant was entitled to a hearing on these allegations under Section Nine of the Pennsylvania Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §9, 19 P.S. §1180-9.

The order of the lower court is reversed and the case remanded for an evidentiary hearing.

WRIGHT, P.J., WATKINS and JACOBS, JJ., dissent.