## Commonwealth *v.* Sherard, Appellant.

Argued May 21, 1974. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Charles O. Barto, Jr.,* Assistant Public Defender, for appellant.

*Wallace B. Eldridge, III,* Assistant District Attorney, with him *Marion E. MacIntyre,* Deputy District

Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1974:

Appellant, Norvell Lee Sherard, was found guilty by a judge and jury of murder in the second degree. Post-trial motions were denied and appellant was sentenced to a term of not less than ten nor more than twenty years in a state correctional institution. This appeal followed.

On January 9, 1973, the decedent, Frank G. Kools, was in Harrisburg for the purpose of attending the annual farm show. At or about 3:00 p.m., the decedent was in a bar with two friends, William Meanor and James LaFond, where the trio met appellant. During a conversation with appellant, the three men agreed to pay appellant $20 each for the privilege of having sexual relations with appellant's girlfriend, Connie Clark. The four men and Miss Clark then left the bar and proceeded to a local motel, where Meanor and LaFond were registered guests. At the motel, LaFond engaged in sexual relations with Miss Clark, but Meanor and the decedent refused. Upon leaving the motel, and while enroute to downtown Harrisburg, appellant expressed anger at the failure of the decedent and of Meanor to have sexual relations with Miss Clark and requested that they pay him anyway.

As the car approached Harrisburg, appellant requested LaFond to stop the car at 1903 North Sixth Street. LaFond stopped the car and the decedent, appellant and Miss Clark alighted from the automobile. Then, according to LaFond, the decedent made a gesture of friendship towards appellant. Immediately, thereafter, appellant pulled a knife and stabbed the decedent. The decedent staggered into the car, while Miss Clark and appellant fled the scene. The decedent subsequently died of the stab wounds.

Appellant first argues that the evidence, as presented by the Commonwealth, failed to prove his guilt beyond a reasonable doubt. In examining the evidence in a light most favorable to the Commonwealth, we are of the opinion that appellant's guilt was proved beyond a reasonable doubt. See *Commonwealth v. Burton,* 450 Pa. 532, 301 A.2d 599 (1973).

Appellant, testifying in his own behalf, attempted to establish that the killing of the decedent was committed in self-defense. According to appellant, after he, Miss Clark and the decedent alighted from the automobile, the decedent grabbed appellant and appeared as though he were going to attack appellant. At this point, appellant, in fear for his life, produced his knife and stabbed the decedent. This testimony was rebutted by Mr. LaFond, who testified, as indicated above, that after the decedent and appellant left the automobile, the decedent made a gesture of friendship to appellant, whereupon appellant produced his knife and stabbed the decedent.

In addition, the Commonwealth introduced a letter which appellant had written to a Mr. DuVal, in which appellant requested DuVal to testify that Miss Clark, rather than appellant, had murdered the decedent. Moreover, Miss Clark, testifying for the Commonwealth, indicated that although she had not actually seen the killing, appellant had admitted his killing of the decedent to her immediately after the incident. The jury was thus presented with two conflicting stories surrounding the incident and apparently chose to credit that of the Commonwealth's witnesses. Their choice is amply supported by the record. The testimony of LaFond, an eyewitness, as to the unprovoked stabbing of Kools by appellant and Miss Clark's testimony regarding appellant's admission were certainly enough to prove his guilt beyond a reasonable doubt.

Appellant also argues that the testimony of Miss Clark as to what appellant had told her was inadmissible hearsay. We do not agree. The admission of a defendant is an exception to the hearsay rule and is admissible. See *Commonwealth v. Glover*, 446 Pa. 492, 286 A.2d 349 (1972).

Judgment of sentence affirmed.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.