Commonwealth ex rel. Wardrop, Appellant, *v.* Warden, State Correctional Institution.

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Donald E. Speice,* Assistant Public Defender, for appellant.

*Amos C. Davis,* District Attorney, for appellee.

OPINION BY VAN DER VOORT, J., December 1, 1975:

The instant appeal arose after the denial of a petition for habeas corpus relief by the trial court. No hearing was held in the lower court and the Petitioner-Appellant, James Wardrop, seeks a reversal and an order for hearing by our Court. We believe the lower court acted correctly and must deny the appellant's plea.

The record shows that on February 16, 1972, the appellant began incarceration on a 10 to 20 year sentence at the State Correctional Institution at Dallas, Pennsylvania, as a result of his conviction and sentencing on charges of robbery with accomplice. The trial of his case took place in October, 1969. In his Petition for Writ of Habeas Corpus Relief, the appellant alleged that since becoming incarcerated, he has come into possession of evidence to prove that the Commonwealth knowingly offered perjured testimony against him at trial.

The lower court, in denying appellant's Petition, without a hearing, specified several reasons to support its rationale. We do not deem it necessary to review here the justifications advanced by the lower court, since we believe a more basic, procedural prohibition to this appeal exists, which was apparently not raised as an issue before the lower court. It is well established that an appellate court may affirm the action of a lower court on different rationale than that advanced by the lower court in support of its Order, Decree or Judgment. *Lambert v. Pittsburgh Bridge and Iron Works,* 227 Pa. Superior Ct. 50, 323 A.2d 107 (1974).

The Post Conviction Hearing Act, 19 P.S. §1180-1, *et seq.,* 1966, January 25, P.L. (1965) 1580, effective March 1, 1966 states: "[the act] establishes a post-conviction procedure for providing relief from convictions obtained and sentences imposed without due process of law. The procedure . . . shall encompass all common

law and statutory procedures for the same purpose that exist . . . including habeas corpus . . ." 19 P.S. §1180-2. The Act does not abrogate the remedy of habeas corpus, but rather encompasses such relief and merely establishes a *defined procedure,* and the *remedy* of habeas corpus remains. *United States ex rel. Wakely v. Pennsylvania,* 257 F. Supp. 644 (W.D. Pa. 1966); *Moss v. Pennsylvania,* 257 F. Supp. 643 (M.D. Pa. 1966). It has been held that the Act is not unconstitutional on claims that it suspends habeas corpus. *United States ex rel. Miller v. Russell,* 256 F. Supp. 857 (M.D. Pa. 1966). Cf., Article 1, §14 of the Pennsylvania Constitution.

Section 1180-3(9) provides that one of the established grounds upon which an appellant can proceed under the Act is: "The unconstitutional use by the State of perjured testimony." In the instant case, the appellant has raised such a claim by way of a writ of habeas corpus. He has not followed, in any manner, the detailed requirements which have been a part of our Commonwealth's appellate criminal procedure for almost a decade. Our courts have always tried to insure that a defendant's substantive rights are not ignored in blind obedience to and exaltation of the procedural aspects of this particular Act. For instance, we have frequently held that litigants should be afforded a liberal opportunity to amend defectively drawn petitions[1] (especially if submitted *pro se*), and have required that hearings be afforded on petitions asserting almost any type of colorable claim which has not been a subject of prior appeal or is not directly refuted by the record.[2] In the instant case, how-

---

1. See for example: *Commonwealth v. Steich,* 217 Pa. Superior Ct. 770, 268 A.2d 463 (1970); *Commonwealth v. Reagan,* 212 Pa. Superior Ct. 464, 243 A.2d 458 (1968); *Commonwealth v. Satchell,* 430 Pa. 443, 243 A.2d 381 (1968).

2. See for example: *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974); *Commonwealth v. Benjamin,* 219 Pa. Superior Ct.

ever, we can find no justification for allowing the appellant to bypass the exclusive, well-defined procedure for the presentation of those grievances set forth in the Act. Appellant was represented by counsel who prepared the appellant's petition in the lower court and appealed its dismissal to our Court. There is simply no valid cause to permit the avoidance of mandatory and well-clarified procedures in our Commonwealth. We do not intend to imply by our action on this appeal that we have in any way reached the substantive merits of appellant's claims. We hold however that correct procedure must be followed in any future efforts which may be made by, or on behalf of, appellant to present such contentions.

Affirmed.

344, 280 A.2d 625 (1971); *Commonwealth v. Payton*, 224 Pa. Superior Ct. 396, 307 A.2d 409 (1973).