394 A.2d 971

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Norvell Lee SHERARD, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 22, 1978.

Decided Nov. 18, 1978.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On June 27, 1973, Norvell Lee Sherard was convicted by a jury in the Court of Common Pleas of Dauphin County of murder of the second degree. Post-verdict motions filed by trial counsel seeking arrest of judgment or a new trial were denied, and judgment of sentence of not less than ten years nor more than twenty years imprisonment was imposed. A direct appeal was taken to this Court, and we affirmed the judgment of sentence. *Commonwealth v. Sherard*, 456 Pa. 505, 321 A.2d 372 (1974).

Subsequently, Sherard filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. The District Court dismissed the petition because Sherard failed to exhaust state remedies.

On May 10, 1976, Sherard filed a petition for relief under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1, *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1978–79) [Hereinafter: PCHA]. Counsel from the office of the public defender of Dauphin County was appointed to assist him. The PCHA petition was denied and Sherard appealed to this Court from that order. Since the PCHA claim of ineffective assistance of counsel involved another public defender, we remanded the matter for the appointment of other counsel. *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977). In accordance with our opinion, the PCHA court appointed new counsel to aid Sherard in advancing his claims.

A counseled PCHA petition was filed. The petition was denied without conducting an evidentiary hearing. This appeal is from that order.

Sherard alleges the lower court erred in dismissing his petition without an evidentiary hearing. The right to a hearing is not absolute. *Commonwealth v. Cimaszewski*, 234 Pa.Super. 299, 300, 339 A.2d 95, 96 (1975); *Commonwealth v. Hayden*, 224 Pa.Super. 354, 356, 307 A.2d 389, 390 (1973). Section 9 of the PCHA, 19 P.S. § 1180–9 (Supp.1978–79), provides:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner."

A PCHA petition may *not* be summarily dismissed as "patently frivolous" when the facts alleged in the petition, if proven, would entitle the petitioner to relief. *Commonwealth v. Yocham*, 473 Pa. 445, 375 A.2d 325 (1977); *Commonwealth v. Walker*, 460 Pa. 658, 334 A.2d 282 (1975); *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974); *Commonwealth v. Johnson*, 431 Pa. 522, 246 A.2d 345 (1968).

Sherard's PCHA petition avers his conviction resulted from:

"(1) The introduction into evidence of a statement obtained in the absence of counsel at a time when representation was constitutionally required;

"(2) the denial of his constitutional right to representation by competent counsel;

"(3) the abridgment of a right guaranteed by the constitution or laws of this Commonwealth or the United States; and

"(4) the unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced."

Initially, Sherard asserts his constitutional right against self-incrimination was abridged when an oral statement obtained by police officers in the absence of counsel was admitted into evidence.[1] To be eligible for relief under the PCHA, a petitioner must prove, *inter alia:*

"That the error resulting in his conviction and sentence has not been . . . waived."

1. The evidence indicates that on January 9, 1973, in the City of Harrisburg, Sherard struck Frank G. Kools with a knife that lacerated his carotid artery, causing him to die from loss of blood. The fatal injury was preceded by a disagreement relating to the failure of Kools and two companions to fulfill the terms of an arrangement made with Sherard's girl friend, to pay her the sum of $20 each after participating in a sexual act with her. The fatal injury was inflicted as Kools exited from an automobile and gestured toward Sherard, as if to shake his hand in the form of an apology for failing to participate in the arrangement with Sherard's girl friend. On the evening of the slaying, Sherard and his girl friend fled to New York City. Sherard was apprehended in New York City by the FBI and was returned to Dauphin County by the Harrisburg Police. Sherard alleges that, while at the Detention Center in New York, he requested an attorney, but the police never provided one for him. Following this alleged denial, Sherard asserts the statement at issue was *elicited* in the car en route to Harrisburg. Furthermore, Sherard alleges the statement was obtained after he expressed a desire to remain silent. Sherard contends that having allowed the statement to be introduced into evidence clearly violated his constitutional rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Section 3(d) of the PCHA, 19 P.S. § 1180–3(d) (Supp.1978–79).

Furthermore, Section 4(b) of the PCHA, 19 P.S. § 1180–4(b) (Supp.1978–79), provides:

"For the purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."

Finally, Section 4(c) of the PCHA, 19 P.S. § 1180–4(c) (Supp.1978–79) provides:

"There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

Since the alleged unconstitutionality of Sherard's statement was cognizable prior to trial, the issue was waived and could not have been considered in the post conviction proceeding[2] unless Sherard either rebutted the presumption that the failure to raise the issue prior to trial was knowing and understanding, or alleged and proved the existence of an extraordinary circumstance justifying the failure to raise the issue. *Commonwealth v. LaSane*, 479 Pa. 632–633, 389 A.2d 48, 49 (1978). Sherard did not allege any facts which, if proven, would rebut the presumption that the failure to raise the issue was knowing and understanding. Sherard argues the issue of the unconstitutionality of his statement is not waived because an extraordinary circumstance exists to excuse his failure to raise the issue prior to trial, namely,

2. See Pa.R.Crim.P. 323(b). See also *Commonwealth v. Nole*, 461 Pa. 314, 336 A.2d 302 (1975); *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973); *Commonwealth v. Nash*, 436 Pa. 519, 261 A.2d 314 (1970); *Commonwealth v. Snyder*, 427 Pa. 83, 233 A.2d 530 (1967), cert. denied, 390 U.S. 983, 88 S.Ct. 1104, 19 L.Ed.2d 1281 (1968).

ineffective assistance of counsel.[3] See *Commonwealth v. Wideman*, 453 Pa. 119, 306 A.2d 894 (1973). We must determine if ineffective assistance of counsel is established as required by Section 4(b)(2) of the PCHA, 19 P.S. § 1180–4(b)(2) (Supp.1978–79), to determine if the constitutionality of the statement should be considered. See *Commonwealth v. LaSane*, supra.

Furthermore, since Sherard was represented in the post conviction proceedings for the first time by counsel other than his trial counsel, and since he advanced the issue as an independent basis for relief, we will also consider the issue of ineffective counsel as a separate basis for relief.[4] Section 3(c)(6) of the PCHA, 19 P.S. § 1180–3(c)(6) (Supp. 1978–79); *Commonwealth v. LaSane*, supra; *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976). Sherard also has the burden of proving ineffectiveness of counsel as an independent basis for relief. Section 3 of the PCHA, 19 P.S. § 1180–3 (Supp.1978–79).

In evaluating the effectiveness of counsel, we are guided by the standard set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

"We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although

3. Section 9 of Sherard's original PCHA petition alleges, *inter alia*: "These issues have never been presented to the court before where I had the assistance of counsel and I did not waive my right to raise same."

4. Sherard asserts in his PCHA petition, *inter alia:* "4(b) Petitioner alleges that he was denied the effective assistance of counsel in that trial counsel failed to raise proper objection to the introduction of oral statements allegedly made while in the custody of members of the Harrisburg Police Department. . . ."

weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." [Emphasis in original.]

Accord *Commonwealth v. Martin*, 479 Pa. 63, 387 A.2d 835 (1978); *Commonwealth v. Little*, 468 Pa. 13, 359 A.2d 788 (1976); *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974); *Commonwealth v. Woody*, 440 Pa. 569, 271 A.2d 477 (1970). However, before inquiring into the basis for trial counsel's failure to raise the issue of the admissibility of Sherard's statement into evidence, we must determine whether the issue, which counsel is charged with failing to raise, is of arguable merit.[5] See *Commonwealth v. Gaston*, 474 Pa. 218, 378 A.2d 297 (1977); *Commonwealth v. Humphrey*, 473 Pa. 533, 375 A.2d 717 (1977); *Commonwealth v. Hubbard*, supra.

The record demonstrates the Commonwealth introduced Sherard's statement into rebuttal evidence to impeach his credibility.[6] On cross-examination by the deputy district attorney, Sherard denied making any statement to the Harrisburg police during the return trip to Dauphin County subsequent to his arrest. The Commonwealth rebutted Sherard's testimony by recalling as a witness, Detective Michael Jones. Detective Jones, one of the police officers who transported Sherard after his arrest, testified that, after first refusing to waive his constitutional rights,[7] Sherard volunteered the following statement:

5. In order to evaluate this issue of ineffective assistance of counsel, we must address the arguable merit of the issue that the statement was inadmissible. We emphasize our analysis of this issue is undertaken solely for the purpose of resolving the question of ineffective representation. See *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977).

6. That it was admitted in rebuttal is of no moment. A statement, which is constitutionally inadmissible as part of the Commonwealth's case-in-chief, under *Miranda v. Arizona*, supra, may not be used at trial for impeachment purposes. *Commonwealth v. Robinson*, 428 Pa. 458, 239 A.2d 308 (1968).

7. The exact rebuttal testimony of Detective Jones is as follows: "The Court: Put it on the record.

"... he [Sherard] did not cut the man that he never had a knife, the man had a knife and pulled it on him, he pushed the man and that the man fell back on the car and cut himself."

 Sherard alleged the above statement was made during interrogation in the absence of counsel after he had requested counsel. If this allegation were true, then the issue of the admissibility of the statement clearly has arguable merit. See *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Commonwealth v. Reiland*, 241 Pa.Super. 109, 113, 359 A.2d 811, 813 (1976). Accord *Michigan v. Mosley*, 423 U.S. 96, 101 n.7, 96 S.Ct. 321, 325 n.7, 46 L.Ed.2d 313, 320 n.7 (1975). The PCHA court found the record showed that the arresting officer advised Sherard of his right to have counsel, but he responded he did not want one. However, after examining the record, we do not find

"The Witness: It says on the top, warning and waiver, 'I'm Officer Michael Jones of the Harrisburg Police Department, I would like to talk to you about the nature of the crime' which the crime was murder. 'And, be advised that this talk is an investigation and questions directed against you and your interest. You have a constitutional right to remain silent and you need not talk to me if you don't wish to. You don't have to answer any of my questions. Do you understand that [?]' And, he acknowledged. 'If you do talk to me anything you might say, can and will be used in court against you, [d]o you understand that?' Again an affirmative acknowledgment. 'If you want a lawyer to be present now, or at anytime during this questioning, you have a right to have one to talk to with, before and during questioning, do you understand this?' And, his answer was yes. 'If you can't afford to pay a lawyer the court will appoint one for you at no cost to you and all questioning will stop until that lawyer has talked with you and is present, do you understand this?' Again the answer was yes. 'You can decide at anytime not to answer any questions or make any statement, do you understand this'? The answer was yes. 'Knowing these rights do you wish to talk with me without the presence of a lawyer and answer my questions?' *Again, the answer was no.* [Emphasis supplied.]

"Q. After you gave the defendant his right you just read them from your card, did he make any statement concerning his participation in this incident to you?

"A. Not at that time. During the trip home he became a little more relaxed and stated he did not cut the man that he never had a knife, the man had a knife and pulled it on him, he pushed the man and that the man fell back on the car and cut himself."

any support for the conclusion that Sherard indicated he did *not* want an attorney. Moreover, Sherard should have been afforded an opportunity to present evidence to prove his allegation and thereby show the issue had arguable merit.

Furthermore, Sherard alleged his statement was inadmissible because it was taken during interrogation after he expressed a desire to remain silent. If this allegation were true, the issue of the admissibility of the statement would have arguable merit for this reason also. In denying relief under the PCHA, the court found the record shows that the statement was *volunteered*, i. e. was not made in response to questioning. We have previously recognized "*volunteered* statements of any kind are *not* barred by the Fifth Amendment and this admissibility is not affected by the [*Miranda* decision]." [Emphasis supplied.] See *Commonwealth v. Yount*, 455 Pa. 303, 309, 314 A.2d 242, 245 (1974); *Commonwealth v. Hamilton*, 445 Pa. 292, 295, 285 A.2d 172, 174 (1971), both quoting from *Miranda v. Arizona*, supra. However, we again fail to see how the PCHA court could have classified Sherard's statement as *volunteered* and dismissed the claim of ineffective assistance of counsel without a hearing on the merits. The testimony of the arresting officer at trial corroborates Sherard's allegation that, after having been informed of his rights, he indicated he did *not* wish to talk with the arresting officer. The PCHA court determined the statement was *volunteered* without affording Sherard an opportunity to prove his allegation and thereby show the issue had merit.

Thus, the PCHA petition alleges facts which, if proven, would establish the admissibility of Sherard's statement was an issue of arguable merit for two reasons.[8] However, to say the issue is of arguable merit if the facts alleged are

8. The Commonwealth's argument that Sherard's statement was exculpatory in nature does not require a different conclusion. See *Commonwealth v. Padgett*, 428 Pa. 229, 231 n.2, 237 A.2d 209, 210, n.2 (1975).

proven is not to conclude counsel was *per se* ineffective for not raising the issue. Indeed, the failure to raise the issue could have been of a reasonable, calculated trial strategy designed to effectuate Sherard's interests. *Commonwealth v. Hubbard*, supra, 472 Pa. at 285, 372 A.2d at 699. On the state of the record, however, we cannot determine if such a reasonable basis existed because no evidence was presented with regard to counsel's strategy, and because Sherard's allegation that counsel was ineffective necessarily includes an allegation that no reasonable basis existed. Hence, Sherard should have been afforded an opportunity to show no reasonable basis existed because such a showing, when coupled with a showing that the admissibility of the statement was an issue of arguable merit would have established ineffective counsel.

Accordingly, since Sherard alleged facts which would establish the issue counsel failed to raise was of arguable merit and would also establish no reasonable basis existed for counsel's failure to raise the issue, his claim of ineffective counsel, as an independent basis for relief, would warrant granting relief if his allegations were proven. Thus, he should have been granted a hearing on this issue.

Furthermore, if he were to succeed in his claim of ineffective counsel, he would also be entitled to a hearing on his claim that the statement was obtained under circumstances constitutionally impermissible because such a showing would establish an extraordinary circumstance precluding a ruling that the issue was waived and because the merits of the admissibility of the statement cannot be determined without hearing evidence related thereto.

The order of the Court of Common Pleas of Dauphin County is vacated and the record remanded for further proceedings consistent with this opinion.