403 A.2d 122
COMMONWEALTH of Pennsylvania
v.
Steven WILLIAMS, a/k/a, Kenneth Coleman, Appellant.
Superior Court of Pennsylvania.
Submitted Sept. 15, 1978.
Decided May 18, 1979.

John P. Donohue, Jr., Assistant Public Defender, Norristown, for appellant.

120

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant pled guilty to charges of Robbery, Theft by Receiving Stolen Goods, Criminal Conspiracy and Violating the Uniform Firearms Act, the terms of a plea agreement having been accepted by the court. Pursuant to this agreement, a sentence was thereafter imposed of not less than five nor more than fifteen years. This sentence was to be consecutive to a prison term already being served. The court also directed appellant to pay the costs of prosecution totalling $207.73. Appellant was represented by private counsel at the time of his plea. A petition for Reconsideration of Sentence was filed by appellant himself and denied. Thereafter, on December 12, 1977, a typewritten, self-prepared P.C.H.A. petition was filed by appellant. In this petition, appellant alleged that he was denied the effective assistance of counsel, that his guilty plea was unlawfully induced, and that a right under the Constitution and laws of this state had been abridged. Specifically, the substance of the allegation was that counsel was ineffective for failing to object to the imposition of costs based on the fact that this altered the plea agreement which had been arranged, and in effect, imposed a greater sentence than that which had been agreed to. On January 24, 1978, counsel from the Public Defender's Association was appointed to represent appellant; however, no amendment of the petition was made because on January 25, 1978, by an order and memorandum, the court dismissed the petition without a hearing.

Appellant argues that the lower court erred in not allowing counsel an opportunity to amend his P.C.H.A. petition, and in dismissing same without a hearing.

■ While it is true that a P.C.H.A. petition may be dismissed without a hearing when there are no facts alleged in support of legal conclusions constituting the basis for the relief requested,[1] "such action must be applied in conjunction with several other, now well established, procedures dictating that counsel be appointed contemporaneously with the filing of the petition and that petitions cannot be dismissed for want of particularity without first granting an opportunity of amendment." *Commonwealth v. Reagan,* 212 Pa.Super. 464, 243 A.2d 458 (1968).[2]

■ In the instant case, the petition on which the court based its ruling was prepared by appellant himself.[3] He requested the appointment of counsel and the court granted this request on January 24, 1978. However, the very next day, Judge Stanziani dismissed the same unamended petition, without a hearing, finding no basis upon which to grant relief. We find no error in the substance of his ruling as to the petition being patently frivolous on its face; but rather, we disagree with the procedure followed. After the appointment of counsel, some opportunity should have been afforded the appellant to amend his petition. Only after counsel had had an opportunity to review and amend, should the decision have been made as to whether to grant a hearing thereon.

The record is, therefore, remanded with directions for the lower court to afford appellant a reasonable opportunity to amend his petition with the help of counsel. However, if no amendment is hereafter filed, then the order of the lower court is affirmed.

1. *Commonwealth v. Snyder,* 427 Pa. 83, 233 A.2d 530 (1967). Also see *Commonwealth v. Laboy,* 460 Pa. 466, 333 A.2d 868 (1975).

2. Citing Act of January 25, 1966, P.L. (1965) 1580 § 7; 19 P.S. § 1180–7 (Supp.1968).

3. Under *Commonwealth v. Fox,* 448 Pa. 491, 295 A.2d 285 (1972), amendments should be liberally allowed with respect to so called prison-drawn petitions.