431 A.2d 226

COMMONWEALTH of Pennsylvania

v.

Lewis Jerome LEE, Appellant.

Supreme Court of Pennsylvania.

Submitted April 21, 1981.

Decided July 2, 1981.

Roy H. Davis, Asst. Public Defender, for appellant.

Frank T. Hazel, Dist. Atty., Vram Nedurian, Jr., Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On December 9, 1975, in the Court of Common Pleas of Delaware County, the appellant, Lewis Jerome Lee, entered pleas of guilty to charges of murder, attempt to commit robbery, conspiracy to commit robbery, and crimes committed with a firearm. After being adjudicated guilty of murder of the second degree, appellant was sentenced to life imprisonment, and concurrent terms were imposed for the remaining offenses. Subsequently, a petition for plea withdrawal was filed and denied, and, upon appeal to this Court, the judgments of sentence were affirmed, the Court being equally divided with two members of the Court not participating in the consideration or decision of the case.[1]

Appellant then filed a pro se petition pursuant to the Post Conviction Hearing Act [2] alleging that appellate counsel had been ineffective for informing appellant that a petition for reargument would be filed with this Court and then, due to

1. *Commonwealth v. Lee*, 484 Pa. 335, 399 A.2d 104 (1979).

2. Act of January 25, 1966, P.L. 1580, 19 P.S. § 1180–1 *et seq.* (Supp.1979).

a fee dispute, not filing such a petition. The PCHA petition sought appointment of counsel and requested that, if appellate counsel were held to be ineffective, leave should be granted to petition this Court nunc pro tunc for reargument. On October 22, 1979, the petition was dismissed without a hearing and without appointment of counsel. A petition for leave to file and application for reargument nunc pro tunc was subsequently filed with this Court, but was denied.

The sole issue raised on this appeal is whether the court below erred in dismissing appellant's initial PCHA petition, without a hearing and without appointment of counsel. The PCHA court stated that the dismissal was necessary because (1) the petition was untimely, and (2) it would be presumptuous for that court to hear, without direction from this Court, an allegation of ineffectiveness of counsel in connection with a petition for rehearing before this Court. However, since appellant did allege indigency and requested appointment of counsel, it was incumbent upon the PCHA court to determine whether appellant was indigent, and, if he was, to appoint counsel to assist him in the presentation of his first PCHA petition. *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977). *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976). An initial pro se petition filed by an unrepresented PCHA petitioner may not be summarily dismissed without the appointment of counsel, if counsel is requested, unless the same issues have been previously adjudicated adversely to the petitioner in a counseled proceeding or one wherein he has knowingly waived his right to the assistance of counsel. See *Commonwealth v. Yocham*, 473 Pa. 445, 375 A.2d 325 (1977); Pa.R.Crim.P. 1504.

The Commonwealth contends that, even if counsel had been appointed in the court below, the relief requested was not within the power of that court. However, appellant *merely* requested permission to *file* a petition for reargument nunc pro tunc; he concedes that this Court would have the power to allow or deny such a petition, once filed. A PCHA court has been regarded as having the power to grant

leave to *file* a petition for reargument nunc pro tunc. See *Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978). A PCHA court is competent to determine whether appellate counsel has been effective. *Commonwealth v. James*, 484 Pa. 180, 398 A.2d 1003 (1979); *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977). If appellate counsel is found to have been ineffective for failing to file a petition for reargument, an appropriate remedy would be to permit the filing of such a petition nunc pro tunc. Hence, the case is remanded for a hearing on appellant's claim of ineffective counsel.

Case remanded for proceedings consistent with this opinion.