437 A.2d 1159

COMMONWEALTH of Pennsylvania, Appellee,

v.

Ronald Earl HOLLAND, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 19, 1981.

Decided Dec. 17, 1981.

Ronald Holland, pro se.

Vram Nedurian, Jr., Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

LARSEN, Justice.

Appellant was convicted of voluntary manslaughter and sentenced to five to ten years imprisonment. On direct appeal, this Court affirmed. *Commonwealth v. Holland*, 480 Pa. 202, 389 A.2d 1026 (1978). Thereafter, appellant filed a *pro se* Post Conviction Hearing Act (PCHA) petition, which alleged that he was indigent and which requested counsel. Without determining whether appellant was indigent and without appointing counsel, the PCHA court ordered the petition summarily dismissed. This direct appeal followed.

This Court has held that a petitioner, if indigent, has the right to have counsel assist him with his first PCHA petition. Pa.R.Crim.P. 1503(a) and 1504[1]; *Commonwealth v.*

---

1. Rule 1503. Appointment of Counsel.

    (a) Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him. The court, on its own motion, shall appoint counsel to represent a petitioner whenever the interests of justice require it.

*Lee*, 494 Pa. 216, 431 A.2d 226 (1981); *Commonwealth v. McClinton*, 488 Pa. 598, 413 A.2d 386 (1980). Although section 12 of the PCHA (19 P.S. § 1180–12 [Supp. 1981–82]) provides for summary disposition without appointment of counsel if "...petitioner's claim is patently frivolous and without trace of support in the record...", section 12 has been suspended in part and superseded insofar as it is inconsistent with Pa.R.Crim.P. 1503(a) and 1504. *See Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977). The Commonwealth's assertion that "appointment of counsel...would have added no strength to the allegations in the petition" is without merit. The appointment of counsel in post-conviction proceedings sharpens presentation of the issues and promotes the administration of justice. *See Commonwealth v. Carrier*, 494 Pa. 305, 431 A.2d 271 (1981); *Commonwealth v. Mitchell*, 427 Pa. 395, 235 A.2d 148 (1967).

Consequently, the order of the PCHA Court is vacated and the case is remanded. If appellant is found to be indigent, counsel must be appointed and must have an opportunity to file an amended petition before any summary disposition can be made.

ROBERTS, J., filed a concurring opinion in which WILKINSON, J., joined.

ROBERTS, Justice, concurring.

It is clear that the order of the PCHA court must be vacated and the case remanded for appointment of counsel.

This Court has repeatedly held that a PCHA court may not summarily dispose of an uncounselled petition unless " 'a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings

Rule 1504. Summary Disposition.

Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.

thereon.'   Pa.R.Crim.P.  1504.   See *Commonwealth v. Smith*, 459 Pa. 583, 330 A.2d 851 (1975);  *Commonwealth v. Haynes*, 234 Pa.Super. 556, 340 A.2d 462 (1975)."

*Commonwealth v. Adams*, 465 Pa. 389, 391, 350 A.2d 820, 821–22 (1976).   Accord, *Commonwealth v. Sangricco*, 490 Pa. 126, 415 A.2d 65 (1980).   See also *Commonwealth v. Triplett*, 467 Pa. 510, 359 A.2d 392 (1976);  *Commonwealth v. Schmidt*, 436 Pa. 139, 259 A.2d 460 (1969);  *Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969).   Moreover, appellant must be afforded an evidentiary hearing if the facts alleged in the petition, if proven, would entitle appellant to relief.   Post-Conviction Hearing Act, 19 P.S. § 1180–9;  *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978);  *Commonwealth v. Yocham*, 473 Pa. 445, 375 A.2d 325 (1977) (citing cases).

WILKINSON, J., joins in this concurring opinion.