454 A.2d 66

**COMMONWEALTH of Pennsylvania**

**v.**

**Gary CHEATHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 15, 1981.

Filed Dec. 10, 1982.

152

Louis J. Presenza, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and POPOVICH, JJ.[1]

PER CURIAM:

On March 1, 1977, appellant was convicted, after a jury trial, of rape and involuntary deviate sexual intercourse. Judgment of Sentence was affirmed in a direct appeal to this Court. *Commonwealth v. Cheatham*, 261 Pa.Super. 401, 395 A.2d 964 (1978). On January 26, 1979, appellant's Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court.

On September 2, 1980, appellant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (PCHA)[2],

1. This case was reassigned to the above-named panel on October 21, 1982.

2. Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1 et seq., repealed, Act of April 28, 1978, P.L. 202, No. 53 § 2(a) (1397) effective June 27, 1980, *as amended* by Act of June 26, 1980, P.L. 265, No. 77, § 2 delaying repeal until June 27, 1981 *as further amended* by the Act of June 26, 1981, P.L. 123, No. 41, § 1 delaying repeal until June 26, 1982, *repealed* by Act of May 13, 1982, P.L. 417, No. 1982–122, § 3, *replaced* by 42 Pa.C.S. § 9541 et seq.

alleging that he had been denied effective assistance of counsel. He also alleged that he was indigent and requested that counsel be appointed to represent him.

On March 10, 1981, the trial court denied appellant's petition without a hearing and without appointing counsel, concluding that appellant's claim was without merit.

■ An initial *pro se* petition filed by an unrepresented PCHA petitioner may not be summarily denied without the appointment of counsel, if counsel is requested, unless the same issues have been previously adjudicated adversely to petitioner in a counseled proceeding or one wherein he has knowingly waived the right to counsel. *Commonwealth v. Lee*, 494 Pa. 216, 431 A.2d 226 (1981). The issue raised by appellant in his petition has never been ruled on by any court. Therefore, since appellant alleged indigency and requested the appointment of counsel, the PCHA court was required to determine whether appellant was in fact indigent and, if so, to appoint counsel to assist him in presenting his petition. *Id.*

■ The fact that the issue raised in the *pro se* petition appeared to lack arguable merit is not determinative. Only after counsel has had an opportunity to review and amend the petition should a decision be made as to whether to grant a hearing. *Commonwealth v. Williams*, 266 Pa.Super. 118, 403 A.2d 122 (1979).

Therefore, we will reverse the order and remand this case to the PCHA court. The court will first determine if appellant is indigent. If so, counsel will be appointed and will be given an opportunity to file an amended petition for relief.

Order reversed and case remanded for further proceedings.

Jurisdiction relinquished.