461 A.2d 318

**COMMONWEALTH of Pennsylvania**

v.

**Ali O'NEALEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1982.

Filed June 3, 1983.

Henry J. Schireson, Wynnewood, for appellant.

Joseph A. Smyth, District Attorney, Norristown, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

PER CURIAM:

This appeal is taken from an order which summarily dismissed a petition for post-conviction relief filed by appellant, *pro se*. We vacate the order of the lower court and remand for proceedings consistent with this opinion.

Appellant was found guilty of burglary, criminal trespass and weapons charges on bills of information numbers 3464

and 3464.1 of 1978, following a jury trial which concluded on May 18, 1979. Pursuant to a plea agreement involving three further bills of information charging appellant with three other burglaries and related offenses committed in Montgomery County, appellant withdrew his motions in arrest of judgment and for a new trial upon those charges of which he was found guilty at trial and agreed to combine that case, for sentencing purposes, with the three sets of charges on bills of information at numbers 579 of 1979, 832 of 1979 and 832.1 of 1979, upon which he agreed to enter pleas of guilty. Under the terms of the plea agreement, the district attorney was to recommend an aggregate sentence on the four sets of charges of not less than four and a half nor more than ten years, to run consecutively to any sentence then being served. After an extended guilty plea colloquy held on May 29, 1979, the Honorable Lawrence A. Brown accepted the guilty plea on bills of information at numbers 579 of 1979, 832 of 1979 and 832.1 of 1979, and sentenced appellant in accordance with the plea agreement to four concurrent terms of imprisonment of not less than four and a half nor more than ten years on the four bills of information [1], to run consecutively to any sentence he was then serving. No direct appeal was taken.

Appellant, by undated letter received by the sentencing judge on June 18, 1979, informally requested reconsideration of his sentence and the trial judge refused the request in a letter to appellant without granting a hearing. Appellant then filed, on July 17, 1981, a *pro se* "Petition for the Writ of Error Coram Nobis and for the Appointment of Counsel," [2] which was summarily dismissed by the trial

---

**1.** Sentence was suspended upon payment of costs on bill of information number 3464.1 of 1978 in view of the sentence imposed at number 3464 of 1978.

**2.** Appellant raised several allegations of error in his pro se petition including (1) that he was improperly advised of his right to petition for reconsideration of sentence; (2) failure of the sentencing judge to consider his background and character in imposing sentence; and (3) an irregularity in the signing of the bills of information upon which he was found guilty after trial. He also requested the right to reserve presentation of further "argument" (claims of error) pending the

judge on the same date, without a hearing and without granting the request for appointment of counsel. Appellant filed this appeal from the order dismissing his *pro se* petition and counsel was appointed to assist him in this appeal.

We are disposed to treat the uncounseled petition of appellant for the writ of error coram nobis and for appointment of counsel as a request for relief under the Post Conviction Hearing Act[3], since the procedure established therein encompasses "all common law and statutory procedures ... including habeas corpus and coram nobis." 19 P.S. § 1180–2. *See Commonwealth v. Sheehan*, 446 Pa. 35, 285 A.2d 465 (1971); *Commonwealth v. Runkle*, 250 Pa.Super. 130, 378 A.2d 488 (1977).

Prior to the adoption of former Pa.R.Crim.P. 1503(a)[4], a petition for relief under the Post Conviction Hearing Act required the Common Pleas Court to appoint counsel for indigent petitioners *except* in those cases where it was able to determine that the claim was patently frivolous and

appointment of counsel. We shall not consider the merits of the substantive claims raised in the petition in light of the disposition we reach herein. *Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1981); *Commonwealth v. Miller*, 275 Pa.Super. 236, 418 A.2d 700 (1980).

**3.** Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1 et seq., repealed, Act of April 28, 1978, P.L. 202, No. 53 § 2(a) [1397] effective June 27, 1980, as amended by Act of June 26, 1980, P.L. 265, No. 77 § 2 delaying repeal until June 27, 1981 as further amended by the Act of June 26, 1981, P.L. 123, No. 41, § 1 delaying repeal until June 26, 1982, repealed by Act of May 13, 1982, P.L. 417, No. 1982–122, § 3, replaced by 42 Pa.C.S.A. § 9541 et seq., Act of May 13, 1982, P.L. 417, No. 1982–122, § 2 effective immediately.

**4.** The former rules of Criminal Procedure relative to Post Conviction proceedings, Pa.R.Crim.P. 1501–1507, were adopted January 24, 1968, effective August 1, 1968, but were rescinded December 11, 1981, effective June 27, 1982, and replaced by the present rules Pa.R.Crim.P. 1501–1509, which were adopted December 11, 1981, effective June 27, 1982. All references in this opinion to the rules relating to post-conviction proceedings are to the former rules that were in effect at the time the court summarily dismissed the pro se petition, unless otherwise noted.

without a trace of support in the record. 19 P.S. § 1180–12; *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977). The right of the trial court to summarily dismiss an uncounseled petition was, thus, contingent upon the substantive claim raised therein. *Commonwealth v. Blair, supra.*

The promulgation of Pennsylvania Rule of Criminal Procedure 1503(a),[5] (adopted January 24, 1968; effective August 1, 1968) effected a change in the procedure a court is required to follow when presented with an uncounseled petition for post-conviction relief. Although § 12 of the now repealed Act, 19 P.S. 1180–12, provides that "[t]he appointment of counsel shall not be required if the petitioner's claim is patently frivolous and without a trace of support in the record ...", Pa.R.Crim.P. 1507 operated to suspend and supercede this provision to the extent that it was inconsistent with Pa.R.Crim.P. 1503(a) and 1504. *Commonwealth v. Finley*, 497 Pa. 332, 334 n. 1, 440 A.2d 1183, 1184 n. 1 (1981); *Commonwealth v. Holland*, 496 Pa. 514, 515, 437 A.2d 1159, 1160 (1981); *Commonwealth v. Blair, supra; Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976); *Commonwealth v. Schmidt*, 436 Pa. 139, 259 A.2d 460 (1969). Pa.R.Crim.P. 1503(a) requires the court to appoint counsel, upon request, in post-conviction proceedings, after the petitioner has satisfied the court of his financial inability to obtain counsel. *Commonwealth v. Finley, supra; Commonwealth v. Blair, supra; Commonwealth v. Adams, supra.* Summary disposition of a petition, without appointment of counsel, is permitted *only* under the circumstances set forth in Pa.R.Crim.P. 1504 which provides:

> Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been

**5.** Rule 1503. Appointment of Counsel

    (a) Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him. The court, on its own motion, shall appoint counsel to represent a petitioner whenever the interests of justice require it.

finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.

■ The language of this rule has been strictly construed by the courts of this Commonwealth. *Commonwealth v. Finley, supra; Commonwealth v. Blair, supra.* Thus, an initial *pro se* petition for post-conviction relief brought by an unrepresented petitioner may not be summarily dismissed unless "a previous petition involving the same issue or issues has been finally determined adversely to the petitioner" in a counseled proceeding or one in which he knowingly waived his right to the assistance of counsel. *Commonwealth v. Finley, supra; Commonwealth v. Lee,* 494 Pa. 216, 431 A.2d 226 (1981); *Commonwealth v. Cheatham,* 308 Pa.Super. 151, 454 A.2d 66 (1982); Pa.R.Crim.P. 1504.

■ Since appellant did allege that he was indigent and requested the appointment of counsel in his *pro se* petition, his first request for post-conviction relief, the trial judge was bound to make a determination as to the indigency of appellant and, if he found appellant was indigent, he should have appointed counsel to assist him in the preparation of an amended petition under the Post Conviction Hearing Act. *Commonwealth v. Finley, supra; Commonwealth v. Adams, supra; Commonwealth v. Blair, supra.* It is not determinative that the issues raised in the *pro se* petition were considered by the court to lack arguable merit. Only after counsel has had an opportunity to review and amend the petition should a decision be made as to whether to grant a hearing. *Commonwealth v. Cheatham, supra.* Therefore, we must vacate the order of the Common Pleas Court and remand the case to the trial court to determine whether appellant is indigent and, if so, to appoint counsel to assist him. Appellant should then be given, upon request, an opportunity to file an amended and counseled

petition before any disposition [6] can be made. *Commonwealth v. Holland, supra.* Jurisdiction is relinquished. So ordered.

**6.** Such a disposition could include, of course, summary disposition pursuant to present Rule 1507(b) of the Pennsylvania Rules of Criminal Procedure (adopted December 11, 1981, effective June 27, 1982).