J-S31028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAFFEYELL MOODY | : | |
| | : | |
| Appellant | : | No. 1613 EDA 2020 |

Appeal from the Order Entered July 22, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009394-2010,
CP-51-CR-0009396-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAFFEYELL MOODY | : | |
| | : | |
| Appellant | : | No. 1614 EDA 2020 |

Appeal from the Order Entered July 22, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009394-2010,
CP-51-CR-0009396-2010

BEFORE: STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.: **FILED NOVEMBER 08, 2021**

Appellant, Raffeyell Moody, appeals from the order entered in the

Philadelphia County Court of Common Pleas, which denied his first petition

_____

[*] Retired Senior Judge assigned to the Superior Court.

filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On June 15, 2012, a jury convicted Appellant at docket CP-51-CR-0009394-2010 ("docket 9394-2010") of aggravated assault, firearms not to be carried without a license, and possessing instruments of crime ("PIC"), and at docket CP-51-CR-0009396-2010 ("docket 9396-2010") of aggravated assault.  The court sentenced Appellant on October 24, 2012, to an aggregate term of 23½ to 47 years' imprisonment, plus five years' probation.[2]  Appellant's convictions stemmed from events that occurred on March 31, 2010, during which Appellant shot two men in the abdomens, seriously injuring them.

Appellant filed a timely post-sentence motion at docket 9396-2021 on November 6, 2012,[3] which the court denied on January 24, 2013, but he did not pursue further direct review at this docket.  Conversely, Appellant timely

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Specifically, the court imposed consecutive sentences of 10 to 20 years' imprisonment for each aggravated assault conviction, 3½ to 7 years' imprisonment for the firearms not to be carried without a license conviction, and the probationary tail for the PIC conviction.

[3] The *pro se* post-sentence motion is dated October 26, 2012, so we presume Appellant had the benefit of the prisoner mailbox rule regarding this filing. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining that under prisoner mailbox rule, *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

filed a direct appeal from his judgment of sentence at docket 9394-2010. On October 5, 2016, this Court affirmed the judgment of sentence at docket 9394-2010. *See Commonwealth v. Moody*, 159 A.3d 34 (Pa.Super. 2016) (unpublished memorandum).[4]

On September 28, 2017, Appellant filed the instant PCRA petition *pro se* at both dockets. Appellant claimed, *inter alia*, the court imposed an illegal sentence consisting of the deadly weapon enhancement ("DWE"), counsel was ineffective for failing to object to imposition of the illegal DWE, the court lacked authority to sentence Appellant above the mandatory minimum in existence at the time of sentencing, and counsel was ineffective for failing to object to admission of a certificate of non-licensure showing Appellant did not have a license to carry a firearm.

The court appointed counsel, who filed a petition to withdraw along with a "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In the no-merit letter, counsel identified the issues Appellant presented in his PCRA petition as: (a) sufficiency of the evidence; (b) weight of the evidence; (c) the propriety of the sentence; and (d) ineffective assistance of counsel. Counsel determined these issues lacked merit and

---

[4] Appellant subsequently filed a petition for leave to appeal *nunc pro tunc* in the Supreme Court, which the Court denied on May 31, 2017.

asked to withdraw.[5]    Counsel did not conduct any timeliness analysis concerning the PCRA petition.

On January 22, 2020, Appellant filed a *pro se* response to counsel's no-merit letter.  Appellant alleged, *inter alia*, PCRA counsel did not communicate with Appellant regarding his claims and effectively abandoned Appellant.  Appellant sought an opportunity to amend his PCRA petition.  On March 2, 2020, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907.  The court checked the box on the Rule 907 notice form indicating the petition was being dismissed for untimeliness without any time-bar exception met.

_____

[5] Counsel's entire analysis of Appellant's claims is as follows:

> The notes of testimony reveal that [Appellant's] arguments about the weight and the sufficiency of the evidence were without merit because the Commonwealth presented at trial the testimony of the crime victims who were shot and identified [Appellant] as the shooter and their testimony was corroborated by witnesses who also testified.  [Appellant's] alleged issues with the sentence were similarly without merit as all of the sentences were well within the applicable guidelines and within the trial judge's discretion.  Finally, [Appellant's] alleged issues with the effectiveness of trial counsel were also without merit.  The allegations raised by [Appellant] about trial counsel clearly did not amount to ineffective assistance of counsel, and I could discern no rational basis for arguing trial counsel's ineffectiveness after thoroughly reviewing the notes of testimony.

(***Turner***/***Finley*** Letter, filed 11/21/19, at 2-3).  Counsel did not cite any law or to the record to support counsel's analysis.

On July 22, 2020, the court denied PCRA relief.[6] Appellant timely filed *pro se* notices of appeal at each underlying docket on August 5, 2020,[7] which this Court subsequently consolidated *sua sponte*. On August 7, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied.[8]

Appellant raises the following issues for our review:

> [Appellant] was illegally sentenced outside of the mandatory minimum sentences for offenses committed with firearms under 42 Pa.C.S.[A]. § 9712.
>
> The sentencing court illegally sentenced [Appellant] based upon aggravated circumstances that had not been proven "beyond a reasonable doubt."
>
> Whether the sentences imposed [on Appellant were] both illegal and unconstitutional.
>
> Whether [Appellant]'s Sixth Amendment rights to confrontation and to effective assistance of counsel [were] violated by admission of hearsay statements regarding a license to carry a firearm.

(Appellant's Brief at 4).

_____

[6] Upon inquiry, this Court learned that there is no paper order, just a docket entry, evidencing the denial of PCRA relief.

[7] Appellant's inclusion of both underlying docket numbers on each notice of appeal does not impede our review. **See Commonwealth v. Johnson**, 236 A.3d 1141 (Pa.Super. 2020) (*en banc*), *appeal denied*, ___ Pa. ___, 242 A.3d 304 (2020) (holding fact that each notice of appeal lists each underlying docket number does not invalidate notice of appeal).

[8] On December 22, 2020, this Court remanded for a determination of whether PCRA counsel had abandoned Appellant on appeal, where PCRA counsel was still counsel of record. On March 3, 2021, the PCRA court granted counsel's petition to withdraw based on his previously filed no-merit letter.

As a preliminary matter, we must address Appellant's *pro se* allegations

of PCRA counsel's ineffectiveness.  This Court has explained:

> "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa.Super. 2011).
>
> As this is Appellant's first PCRA petition, he enjoys a well-recognized right to legal representation during this initial collateral review of his judgment of sentence. ***See Commonwealth v. Albert***, 561 A.2d 736, 738 (Pa. 1989) ("[I]n this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence").  In this context, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." ***See Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013) (quoting ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998)).

***Commonwealth v. Betts***, 240 A.3d 616, 621 (Pa.Super. 2020).

Additionally, this Court has emphasized the importance of effective

assistance of counsel regarding a petitioner's first PCRA petition:

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation.  In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions.  Given the current time constraints of [the PCRA], a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions.  Without the input of an attorney, important rights and defenses may be forever lost.

***Commonwealth v. Robinson***, 970 A.2d 455, 458-59 (Pa.Super. 2009) (*en*

*banc*). Importantly, "[a]n indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa.Super. 2002). "In such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception to the timeliness requirements [of the PCRA] applies." ***Id.*** at 852.

In ***Betts, supra***, the appellant asserted PCRA counsel's ineffectiveness in response to the PCRA court's issuance of Rule 907 notice, and before entry of a final PCRA order. ***Betts, supra*** at 622. Nevertheless, the PCRA court did not consider the allegations of PCRA counsel's ineffectiveness prior to dismissing his PCRA petition, so the appellant's "concerns were not reviewed or investigated by the PCRA court in a meaningful way." ***Id.*** at 623. Consequently, this Court held that the appellant "never received the assistance of counsel in arguing the merits of these ineffectiveness claims to the PCRA court." ***Id.*** Thus, this Court concluded:

> …Appellant is entitled to remand for the appointment of substitute PCRA counsel to prosecute these abeyant claims of ineffectiveness. Our Supreme Court has opined that remand and appointment of new PCRA counsel is appropriate in such circumstances:
>
> > An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition. Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

> ***Commonwealth v. Kenney***, 732 A.2d 1161, 1164 (Pa. 1999); ***see also Commonwealth v. Cox***, 204 A.3d 371, 390 (Pa. 2019) (affirming ***Kenney*** for the proposition that "remand for appointment of counsel is appropriate remedy when the right to appointment [of] counsel has been effectively denied").

***Betts, supra*** at 623-24 (internal footnote omitted).

Instantly, the record confirms that Appellant is indigent and that the current petition is his first PCRA petition. After receiving PCRA counsel's no-merit letter, Appellant filed a *pro se* response alleging PCRA counsel's ineffectiveness.[9] Significantly, the court did not address Appellant's claims of PCRA counsel's ineffectiveness at any point. The court did not issue an opinion accompanying its Rule 907 notice or in support of the denial of PCRA relief. The court's Rule 1925(a) opinion also does not discuss Appellant's allegations of PCRA counsel's ineffectiveness.

Notably, Appellant's current PCRA petition is timely at docket 9394-2010, but is untimely at docket 9396-2010, where Appellant did not pursue a

_____

[9] We observe that the Supreme Court recently abandoned the approach discussed in ***Commonwealth v. Pitts***, 603 Pa. 1, 981 A.2d 875 (2009), which had required a PCRA petitioner to preserve claims of PCRA counsel's ineffectiveness in response to Rule 907 notice. ***See Commonwealth v. Bradley***, No. 37 EAP 2020, 2021 WL 4877232 (Pa. filed Oct. 20, 2021) (holding that PCRA petitioner may raise claims of PCRA counsel's ineffectiveness at first opportunity to do so, even when on appeal). Here, Appellant preserved his claim of PCRA counsel's ineffectiveness by raising it at the first opportunity to do so, in response to counsel's no-merit letter.

direct appeal at that docket.[10]  Nevertheless, the fact that the current PCRA petition is facially untimely at one of the underlying dockets does not deprive Appellant of meaningful appointment of counsel throughout litigation of his first PCRA petition.  **See Perez, supra**.  Indeed, PCRA counsel did not even acknowledge the facial untimeliness of the PCRA petition at docket 9396-2010.  Instead, PCRA counsel decided that Appellant's claims failed on the merits.[11] Notably, however, the no-merit letter did not address all claims presented in the *pro se* PCRA petition and listed some claims that Appellant did not even raise in the PCRA petition.[12]

---

[10] Appellant's judgment of sentence became final at docket 9396 on or around February 23, 2013, after expiration of the time in which Appellant could have filed a timely notice of appeal from the denial of his post-sentence motions. Thus, Appellant had until February 23, 2014 to file a timely PCRA petition at docket 9396-2010.  **See** 42 Pa.C.S.A. § 9545(b)(1), (3) (stating any petition filed under this subchapter shall be filed within one year of date that judgment becomes final unless petitioner can plead and prove one of enumerated timeliness exceptions; judgment becomes final at conclusion of direct review, including discretionary review in Supreme Court of United States and Supreme Court of Pennsylvania, or at expiration of time for seeking such review); Pa.R.A.P. 903(a) (allowing 30 days to file appeal after entry of order from which appeal is taken).

[11] Likewise, the PCRA court did not seem to acknowledge the untimeliness of the petition at docket 9396-2010.  Although the Rule 907 notice checked the box indicating dismissal was proper at both dockets based on untimeliness, the court's Rule 1925(a) opinion does not discuss the timeliness of the petition at either docket.

[12] Specifically, Appellant did not challenge the weight or sufficiency of the evidence in his PCRA petition, as stated in counsel's no-merit letter.  While Appellant did challenge his sentence and raise claims of trial counsel's ineffectiveness, it is unclear if PCRA counsel analyzed Appellant's precise
*(Footnote Continued Next Page)*

- 9 -

Under these circumstances, the best resolution of this case is to vacate the order denying PCRA relief and remand for further proceedings. *See Kenney, supra*; *Betts, supra*. On remand, the court shall appoint substitute PCRA counsel who must: (1) review Appellant's *pro se* allegations of PCRA counsel's ineffectiveness;[13] (2) discern whether Appellant's petition at docket 9396-2010 satisfies any exception to the PCRA time-bar; (3) file supplemental briefing limited to these issues within a reasonable time frame; and (4) continue to represent Appellant for the duration of these PCRA proceedings. The Commonwealth shall have a reasonable opportunity to respond. Thereafter, the PCRA court shall proceed as it deems appropriate. *See id.* (issuing similar instructions upon remand).

Order vacated. Case remanded with instructions. Jurisdiction is relinquished.

---

claims because counsel's discussion of them in the no-merit letter was vague, generic, and lacked citation to the record or law.

[13] As this Court acknowledged in *Betts*, "Appellant's assertions of [PCRA counsel's] ineffectiveness may ultimately prove meritless. Our holding is concerned only with ensuring those claims are given proper consideration. Due to the nature of our holding, we express no opinion on the arguable merit of Appellant's assertions." *Betts, supra* at 624 n.13.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *11/8/2021*