561 A.2d 736

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Henry ALBERT, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 7, 1988.

Decided July 10, 1989.

332

Gerald R. Schultz, for appellant.

Correale Stevens, Dist. Atty., Joseph C. Giebus, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

In this appeal by allowance, appellant seeks review of the order of the Superior Court affirming the denial of his petition under the Post Conviction Hearing Act (PCHA).[1]

---

1. Appellant filed his petition for collateral relief under the former provisions of the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.

Appellant urges this Court to grant relief, arguing that his trial counsel rendered ineffective assistance. Appellant was convicted of robbery and sentenced to three to six years imprisonment. For the reasons that follow, we reverse the Superior Court order and remand this matter for the appointment of new PCHA counsel.

The Superior Court, in an unpublished memorandum opinion, 518 Pa. 647, 544 A.2d 959 relied on *Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982) and on Pa.R.App.P. 2101 in affirming the denial of the PCHA petition. In *Sanford* the Superior Court stated that it would not consider the merits of an appeal in which the brief is inadequate and defective. *Id.,* 299 Pa.Superior Ct. at 67–68, 445 A.2d at 150–51. The court below examined the brief submitted by appellant and found that it lacked compliance with the Rules of Appellate Procedure and that the legal arguments asserted therein were "disjointed, general and unintelligible." No. 1918 PHL. 1987, Super. Ct. slip op. at 1. Appellant does not challenge the Superior Court's reasoning for its summary disposition, rather he seeks review only of the merits of his claim of ineffectiveness of prior counsel.

Under our law, ineffectiveness of counsel must be raised in the first proceeding wherein the appellant secures new counsel following the representation by the allegedly ineffective counsel. *Commonwealth v. Johnson,* 516 Pa. 407, 412, 532 A.2d 796, 799 (1987); *Commonwealth v. Nelson,* 489 Pa. 491, 495, 414 A.2d 998, 1000 (1980); *Commonwealth v. Hubbard,* 472 Pa. 259, 276 n. 6, 372 A.2d 687, 695 n. 6 (1977), *appeal after remand,* 485 Pa. 353, 402 A.2d 999 (1979). Appellant was represented at trial and on direct appeal by the same attorney.[2] The instant complaints are

§ 9541 *et seq.* (repealed). The PCHA was repealed, and in its place the legislature enacted the Post Conviction Relief Act (PCRA) under which all collateral attacks must now be brought. Act of April 13, 1988, No. 47, §§ 3–4, 1988, Pa.Legis.Serv. 227, 229–232 (Purdon).

2. Appellant was convicted of robbery and, after the denial of post-trial motions, was sentenced on May 23, 1985. Trial counsel filed a Notice of Appeal on May 31, 1985. The judgment of sentence was affirmed by a *per curiam* order of the Superior Court on May 22, 1986.

directed to the stewardship of prior counsel both at trial and on appeal. It is charged that prior counsel was ineffective in his representation of appellant on direct appeal in that he admitted appellant's criminal liability.[3] Prior counsel is also charged with ineffective representation at trial because of his failure to call or interview as a witness appellant's co-defendant, who was being tried with appellant.[4]

The brief submitted to this Court provides a cursory treatment of the facts and a conclusory presentation of illogical arguments. When presented with such inadequate legal arguments, a court should not attempt to assess the legitimacy of the underlying claims, because to do so would be to make a judgment in a case where the appellate representation is wholly inadequate. We find, as the Superior Court did, that appellant's brief is completely lacking in substance and we grant appellant relief because we conclude that appellant was afforded ineffective representation in his PCHA appeal.

 At the outset, we note that in this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence. *Commonwealth v. Finley*, 497 Pa. 332, 440 A.2d 1183 (1981), *appeal after remand*, 330 Pa.Super. 313, 479 A.2d 568, *appeal dismissed*, 510 Pa. 304, 507 A.2d 822, *cert.*

Appellant then filed a *pro se* PCHA petition as well as a petition for the appointment of new counsel. Instant counsel was thereafter appointed for PCHA proceedings on January 11, 1987.

This procedural history was reconstructed by this Court as it was not included in the brief submitted by counsel.

3. The speciousness of this argument is readily apparent. It is instant counsel's position that prior counsel's claim that appellant was not involved, and that the co-defendant was the perpetrator, necessarily implies the guilt of appellant because the other party is a co-defendant in the trial. This is premised upon the view that one who is a co-defendant is necessarily an "accomplice" and that one is therefore subject to liability for the acts of the other. Such an argument completely ignores that trying two individuals together does not, in and of itself, establish complicity without independent evidence presented to prove that relationship.

4. This argument ignores that the co-defendant shared the same rights against self-incrimination as appellant. Moreover, appellant's brief makes no reference in the PCHA record to any explanation prior counsel may have given in response to this charge.

*granted sub nom., Pennsylvania v. Finley,* 479 U.S. 812, 107 S.Ct. 61, 93 L.Ed.2d 20, *reversed on other grounds,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Commonwealth v. Holland,* 496 Pa. 514, 437 A.2d 1159 (1981); *Commonwealth v. McClinton,* 488 Pa. 598, 413 A.2d 386 (1980). It is axiomatic that the right to counsel includes the concomitant right to effective assistance of counsel. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Indeed the right to counsel is meaningless if effective assistance is not guaranteed. Since appellant was entitled to representation by an attorney in his pursuit of this collateral attack, he was entitled to adequate representation of his claims at both the hearing and appellate levels. Although we have no indication of the quality of representation afforded at the PCHA hearing, we have observed the inadequate representation afforded at the appellate level. In finding that the briefs submitted by counsel were inadequate and unintelligible, the Superior Court implicitly found that the assistance rendered by appellant's counsel was ineffective. We concur in the reasoning of the Superior Court; we do not, however, agree with its disposition. Although the Superior Court affirmed the denial of post conviction relief, the proper disposition would have been to quash or dismiss the appeal. Pa.R.App.P. Rule 2101.[5] The affirmance of the order below was in effect a decision on the merits and thus a rejection of the claim of ineffective assistance of prior counsel.

The Superior Court properly concluded that appellate counsel's stewardship fell below acceptable standards. The Constitution of this Commonwealth permits a direct appeal from "...a court of record to an appellate court...." Pa. Const. art. V, § 9. A proceeding in which inadequate

---

**5.** RULE 2101. CONFORMANCE WITH REQUIREMENTS

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.
Pa.R.App.P. 2101.

representation was afforded could not satisfy the constitutional right to review of PCHA proceedings. Where counsel's representation is deemed to be inadequate, it is inappropriate to allow the proceedings in which it was rendered to be binding upon the defendant's rights. Thus, at the very least, appellant must be allowed the right to have an appeal aided by competent counsel. The guidance and representation of an attorney should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone. As we stated in *Commonwealth v. Mitchell*, 427 Pa. 395, 397, 235 A.2d 148, 149 (1967), "[c]ounsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention." It is apparent that the assistance provided by counsel in this matter did not serve to accomplish this goal.

We therefore remand this matter to the Superior Court; direct the appointment of new appellate counsel; and order counsel to review the record of the PCHA proceeding and file a new appellate brief raising those issues that new counsel in his or her judgment deems appropriate.[6]

---

**6.** This Court is constrained to note that the quality of representation exhibited on this appeal will not be tolerated from counsel practicing in this Commonwealth. We refer this matter to the Disciplinary Board for appropriate action.