## Schultz v. Burgess

*Robert McGuinness,* for plaintiff.
*Gerald Kinchy,* for defendant.

MOTT, *J.,* April 1, 1993—

## HISTORY

This case arises from an express contract between the parties. Mark Schultz, the plaintiff, hired Dan Burgess, the defendant, to drill a well on property owned by the plaintiff in Asylum Township. Paragraph 5 of the contract between the parties states:

"The driller does not agree to find or develop water, nor does he represent, warrant or guarantee the quantity,

quality or kind of water, if any, which may be encountered. All operations are at the risk of the Owner, and failure to strike water shall in no way release the owner from payment of the full contact price for the number of feet drilled." Plaintiff's complaint, exhibit A.

According to the plaintiff's complaint, the defendant billed the plaintiff for 120 feet of drilling, but the well did not produce water suitable for drinking. The plaintiff claims to have measured the well and discovered that it is only 79 feet in depth.

The plaintiff filed a complaint relying on three theories for recovery. The first count alleges negligence on the part of the defendant. The second count claims that the plaintiff is entitled to recover on the theory of unjust enrichment. The final count of the plaintiff's complaint alleges fraud by the defendant.

In response, the defendant has filed preliminary objections pursuant to Pa.R.C.P 1028. The defendant demurs to the plaintiff's claims in negligence and unjust enrichment, seeks a more specific pleading of the negligence claim and the dismissal of the fraud claim for failure to conform to law or rule of court. These preliminary objections are now before this court for disposition.

## DISCUSSION

To survive a demurrer, a complaint in negligence must set forth the four essential elements of a claim. The plaintiff must plead that the defendant owed him or her a duty; that the defendant breached that duty; that the breach was the proximate cause of an injury to the plaintiff; and that the plaintiff in fact suffered an injury. *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983). Under the particular

facts in this case, however, the plaintiff has failed to adequately plead negligence.

An examination of the plaintiff's stated damages clearly demonstrates his deficient pleading. The plaintiff alleges three different injuries in paragraph 16 of his complaint. First, he asserts that the defendant's conduct prevented him from moving onto his property because of the lack of drinking water. But under the express terms of the contract, the defendant did not have any duty to provide the plaintiff with water. The plaintiff's second alleged injury is that he had to hire a third party to drill another well. The defendant was not under a duty to prevent this harm, however, as the contract addressed this risk and clearly placed it on the plaintiff. Finally, the plaintiff complains that he has a useless hole and well cap on his property, but this is the very hole and cap he contracted with the defendant to make, and it is all he was promised under the contract he voluntarily entered into.

It is obvious that the plaintiff is trying to force a problematic contract claim (problematic because the contract expressly assigns the risks to the plaintiff) into the mold of a tort claim. We will not allow him to pursue this claim in negligence simply because he entered into a contract which limited his rights.

"Where an injury that occurs is within the scope of a contract itself, a policy exists of maintaining a distinction between tort and contract actions. While it is true that the mere existence of a contract between parties does not foreclose the possibility of a tort action arising between them, it does not follow that a plaintiff should be allowed to sue in tort for damages arising out of breach of contract. Any other policy would blur one reasonably bright line between contract and tort, and hence introduce needless confusion into the judicial

process, a step that Pennsylvania's state and federal courts alike have refused to take." 1 Sum.Pa.Jur.2d, Torts, §2:3 (1991) (footnotes omitted). Accordingly, the plaintiff's claim in negligence will be dismissed.

The plaintiff's second count is based on the theory of unjust enrichment. However, the concept of unjust enrichment does not provide a remedy where the relationship between the parties is based on an express agreement. *Birchwood Lakes Community Association v. Comis et al.,* 296 Pa. Super. 77, 442 A.2d 304 (1982). The relationship between the plaintiff and defendant is based on an express, written contract, and therefore, plaintiff cannot seek relief for unjust enrichment.

The defendant also argues that the plaintiff has failed to adequately plead entitlement to treble damages in his fraud claim. We disagree. The plaintiff alleges that the defendant knowingly or recklessly misrepresented the depth of the well he drilled. Such a misrepresentation, which allegedly resulted in an increased bill under the contract, would clearly constitute wanton disregard for the rights of the plaintiff under the parties' contract.

Furthermore, we note that the defendant failed to support this preliminary objection in his brief. This court is not obliged to research issues and make arguments on behalf of a party who declines to do so. See *Commonwealth v. Albert,* 522 Pa. 331, 334, 561 A.2d 736, 738 (1989). Thus, the defendant's motion to dismiss count III of the complaint will be denied.

For the foregoing reasons, the court enters the following:

## ORDER

And now, April 1, 1993, in accord with the opinion filed this date, the defendant's preliminary objections

are sustained in part, and overruled in part. The defendant's demurrer to count I and count II of the complaint is sustained. Accordingly, the said counts of the plaintiff's complaint are dismissed. As a result the defendant's motion for a more specific pleading as to count I is rendered moot and is therefore dismissed. The defendant's motion to dismiss count III of the plaintiff's complaint is denied and dismissed. The defendant shall file a response to the remaining portion of the complaint (count III) within 20 days of the date of this order.