J-S13020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRELL WASHINGTON | : | |
| | : | |
| Appellant | : | No. 593 EDA 2020 |

Appeal from the PCRA Order Entered March 12, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012797-2008

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JUNE 22, 2021**

Appellant, Darrell Washington, appeals *nunc pro tunc* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows.  On July 26, 2008, Appellant shot and killed the victim during a robbery.  On February 28, 2011, a jury convicted Appellant of second-degree murder, robbery, and possessing instruments of crime ("PIC").  That same day, the court sentenced Appellant to life imprisonment on the murder charge.  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

court also imposed a concurrent term of two and one-half to five years' imprisonment for the PIC conviction. This Court affirmed the judgment of sentence on July 30, 2012, and our Supreme Court denied Appellant's petition for allowance of appeal on January 8, 2013. *See Commonwealth v. Washington*, 55 A.3d 150 (Pa.Super. 2012), *appeal denied*, 619 Pa. 679, 62 A.3d 380 (2013) (unpublished memorandum).

On January 3, 2014, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who filed a motion to withdraw and "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In the "no-merit" letter, counsel listed Appellant's claims of ineffective assistance of trial counsel. Specifically, Appellant alleged prior counsel failed to provide him with a copy of the trial transcript and failed to test the prosecutor's case in any meaningful way. Further, Appellant alleged direct appeal counsel was ineffective for failing to raise certain unspecified issues on appeal. On December 19, 2018, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant did not file a *pro se* response to the Rule 907 notice. The court dismissed Appellant's PCRA petition and granted PCRA counsel's motion to withdraw on March 12, 2019.

Appellant timely filed a *pro se* notice of appeal, which this Court dismissed on July 17, 2019 for failure to file a brief. On August 8, 2019, current counsel entered his appearance in the PCRA court. On October 30,

2019, current counsel filed a PCRA petition on Appellant's behalf, seeking reinstatement of appellate rights *nunc pro tunc*. The court reinstated Appellant's appellate rights *nunc pro tunc* on January 14, 2020. Appellant timely filed a notice of appeal *nunc pro tunc* on February 4, 2020. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained on appeal, and Appellant did not file one.

Appellant raises two issues for our review:

> Did the [PCRA] court err in dismissing [Appellant's PCRA] Petition where he raised genuine issues of material fact alleging ineffective assistance of counsel?
>
> Was PCRA counsel ineffective for failing to raise genuine issues of material fact alleging ineffective assistance of counsel?

(Appellant's Brief at 4).

On appeal, Appellant presents new ineffectiveness arguments for the first time.[2] Specifically, Appellant avers prior PCRA counsel was ineffective for

_____

[2] Although the first issue in Appellant's statement of questions involved provides that he "raised genuine issues of material fact alleging ineffective assistance of counsel," Appellant's brief presents new theories of ineffectiveness that differ from the generic claims preserved in prior PCRA counsel's no-merit letter. (**See** No-Merit Letter, filed 10/26/18, at 2-6). As such, these arguments are waived. **See** Pa.R.A.P. 302(a) (stating issues not raised in PCRA court are waived and cannot be raised for first time on appeal). **See also Commonwealth v. Pursell**, 555 Pa. 233, 724 A.2d 293 (1999), *certiorari* denied, 528 U.S. 975, 120 S.Ct. 422, 145 L.Ed.2d 330 (1999) (explaining PCRA provisions regarding waiver of issues, coupled with requirement of proper preservation of issues for appellate review, force petitioner to frame claims as "layered" ineffectiveness claims, because there has usually been waiver due to previous counsel's failure to raise or preserve
*(Footnote Continued Next Page)*

failing to raise the following arguments in the PCRA court: (1) trial counsel's ineffectiveness for failing to seek suppression of identification testimony; (2) trial counsel's ineffectiveness for failing to request a certain jury instruction; and (3) direct appeal counsel's ineffectiveness for failing to challenge the admission of expert testimony. Although Appellant recognizes that *Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875 (2009), requires claims of PCRA counsel's ineffectiveness to be raised in response to a Rule 907 notice, Appellant suggests "it should be recognized as a violation of due process to hold a *pro se* defendant to such a stringent standard…." (Appellant's Brief at 19). Appellant concludes this Court must reverse the order dismissing his PCRA petition and remand the matter for an evidentiary hearing. We disagree.

This Court has addressed challenges to PCRA counsel's effectiveness as follows:

> "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa.Super. 2011).
>
> As this is Appellant's first PCRA petition, he enjoys a well-recognized right to legal representation during this initial collateral review of his judgment of sentence. *See Commonwealth v. Albert*, 522 Pa. 331, 561 A.2d 736, 738 (1989) ("[I]n this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an

_____

underlying issue petitioner wants court to address). Consequently, we proceed to address Appellant's claim regarding prior PCRA counsel's failure to preserve these arguments.

initial collateral attack after judgment of sentence.").  In this context, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." ***See Commonwealth v. Holmes***, 621 Pa. 595, 79 A.3d 562, 583 (2013) (quoting ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 699-700 (1998)).

While the existence of this right is well-established, the procedure for its enforcement, *i.e.*, raising allegations of PCRA counsel's ineffectiveness, remains ill-defined under Pennsylvania law:

> [T]here is no formal mechanism in the PCRA for a second round of collateral attack focusing upon the performance of PCRA counsel, much less is there a formal mechanism designed to specifically capture claims of [previous counsel's] ineffectiveness defaulted by initial-review PCRA counsel.  Frankly, this Court has struggled with the question of how to enforce the "enforceable" right to effective PCRA counsel within the strictures of the PCRA....  The question of whether and how to vindicate the right to effective PCRA counsel has been discussed at length in majority opinions and in responsive opinions....  But, the Justices have not been of one mind respecting how to resolve the issue, and no definitive resolution has emerged.

***Holmes, supra*** at 583-84.  Stated more succinctly, "since petitioners are not authorized to pursue hybrid representation and counsel cannot allege [their] own ineffectiveness, claims of PCRA counsel ineffectiveness cannot **ordinarily** be raised in state post-conviction proceedings[.]"  ***Commonwealth v. Rykard***, 55 A.3d 1177, 1188 (Pa.Super. 2012) (emphasis added).

However, our Supreme Court also concomitantly requires counseled PCRA petitioners to raise allegations of PCRA counsel's ineffectiveness in response to a Rule 907 notice of intent to dismiss, or risk waiver.  ***See Commonwealth v. Pitts***, 603 Pa. 1, 981 A.2d 875, 880 n.4 (2009).

\*     \*     \*

- 5 -

> Subsequent interpretation of **Pitts** by both the Supreme Court and this Court have reaffirmed this aspect of the holding. **See Commonwealth v. Robinson**, 635 Pa. 592, 139 A.3d 178, 184 n.8 (2016); **Commonwealth v. Henkel**, 90 A.3d 16, 25 (Pa.Super. 2014) (*en banc*) ("[T]he **Pitts** majority mandated that a petitioner raise any allegations of PCRA counsel ineffectiveness in response to the PCRA court's notice of dismissal.").

**Commonwealth v. Betts**, 240 A.3d 616, 621-22 (Pa.Super. 2020).

Instantly, the record confirms that Appellant failed to challenge prior PCRA counsel's effectiveness in a response to the Rule 907 notice. Thus, Appellant did not raise his claims in the PCRA court in the first instance, and the claims are waived.[3] **See Pitts, supra**; **Betts, supra**. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judge Pellegrini joins this memorandum.

Judge Olson concurs in the result.

---

[3] The Commonwealth cites **Commonwealth v. Shaw**, ___ Pa. ___, 247 A.3d 1008 (2021), for the proposition that the circumstances of this case warrant remand for the PCRA court to review Appellant's new ineffectiveness claims. (**See** Commonwealth's Brief at 12 n.2). Nevertheless, **Shaw** is distinguishable, because it involved an allegation of PCRA counsel's ineffectiveness in conjunction with counsel's filing of a Rule 1925(b) statement. **See Shaw, supra** at ___, 247 A.3d at 1015 (explaining claim of ineffective assistance first arose upon PCRA counsel's filing of Rule 1925 statement, which omitted alibi-related claim; it would be unreasonable to apply issue preservation requirements to penalize PCRA petitioner because his attorney did not recognize and raise claim of attorney's own ineffectiveness contemporaneously with his own misstep; moreover, Supreme Court has enforced general rule prohibiting attorneys from challenging their own stewardship).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2021