J-A24028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARNALDO GARCIA, SR. | : | |
| | : | |
| Appellant | : | No. 684 EDA 2021 |

Appeal from the PCRA Order Entered March 18, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002966-2016

BEFORE: LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 15, 2021**

Appellant, Arnaldo Garcia, Sr., appeals *pro se* from the Order denying his first Petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"). He challenges, among other things, the PCRA court's failure to appoint new counsel to litigate the claims of ineffective assistance of PCRA and trial counsel that he raised in his amended PCRA petition after the court allowed appointed PCRA counsel to withdraw. In accordance with ***Commonwealth v. Betts***, 240 A.3d 616, 623 (Pa. Super. 2020), we vacate the Order, and remand for the appointment of counsel and further proceedings.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court sentenced Appellant to an aggregate term of incarceration of 8 years, 2 months to 25 years after a jury convicted him of Aggravated Indecent Assault of a Child, Corruption of Minors, and Indecent Assault of a Person less than 13 Years of Age. This Court affirmed the Judgment of Sentence on February 4, 2019, and our Supreme Court denied allowance of appeal. *Commonwealth v. A.G., Sr.*, No. 635 EDA 2018 (Pa. Super. filed Feb. 4, 2019) (unpublished memorandum), *appeal denied*, 217 A.3d 185 (Pa. 2019).

Appellant filed his first *pro se* PCRA Petition on November 1, 2019, raising claims of ineffective assistance of trial counsel for failing to object to the admission of alleged hearsay evidence. The PCRA court appointed Matthew Rapa, Esq., directed counsel to file an amended petition, and scheduled a hearing for February 3, 2020.

Rather than filing an amended Petition, Attorney Rapa filed a *Turner*/*Finley* letter[1] and a Motion to Withdraw as Counsel on December 31, 2019. The court held a hearing on the withdrawal motion on January 27, 2020, after which it granted the motion. The PCRA court informed Appellant it would determine whether a hearing was required and, if not, submit a Pa.R.Crim.P. 907 Notice. The court also informed Appellant of his right to represent himself or hire new counsel but stated it would not appoint him new

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel.  **See** N.T. **Turner**/**Finley** Hearing, 1/27/20, at 8.  Two days later, on January 29, 2020, the court issued a Notice of Intent to Dismiss the PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907.

On February 19, 2020, Appellant *pro se* timely filed Objections to the Rule 907 Notice,[2] asserting that PCRA counsel had provided ineffective assistance for filing a **Turner**/**Finley** letter instead of raising two issues of merit, *i.e.*, (1) a challenge to the legality of his sentence, specifically the imposition of special conditions on his probationary sentence, and (2) trial counsel's ineffective assistance for failing to convey a plea offer to Appellant prior to trial.

On February 27, 2020, Appellant filed a Motion for Leave to Amend his *pro se* PCRA petition. The Court granted the motion on March 5, 2020, and deemed the PCRA Petition amended with the claims raised in Appellant's objections to the court's Rule 907 notice.  **See** Order, 3/5/20.

On March 23, 2020, Appellant filed a Motion for Appointment of PCRA Counsel.  The PCRA denied the motion on March 26, 2020.

_____

[2] A PCRA petitioner must respond to the Rule 907 notice of intent to dismiss within 20 days. Pa.R.Crim.P. 907(1).  Although February 19, 2021, is more than 20 days after the court's Rule 907 notice, the post-marked envelope included with the Appellant's response indicates it was mailed on February 14, 2021.  "[U]nder the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." **Commonwealth v. Brandon,** 51 A.3d 231, 234 n.5 (Pa. Super. 2012) (citation omitted).  Accordingly, we conclude Appellant's Rule 907 response was timely filed.

On July 2, 2020, the court entered an order scheduling argument for August 31, 2020, solely on the issue raised in the amended petition of whether PCRA counsel was ineffective for failing to challenge the imposition of special conditions in Appellant's sentence.

Due to COVID restrictions, the court ultimately held a remote hearing on the sentencing issue on November 20, 2020. At the conclusion of the hearing, the court took the matter under advisement and informed the parties that it may "reopen the Petition" if it decided that Appellant's claim regarding the plea offer required an evidentiary hearing. N.T. Hearing, 11/20/20, at 16.

On December 7, 2020, the court entered an Order denying the amended PCRA petition in part and scheduling a hearing for February 11, 2021, to consider the ineffective assistance of counsel claims, specifically whether trial counsel failed to convey a plea offer to Appellant prior to trial and whether PCRA counsel was ineffective for failing to challenge trial counsel's stewardship. On December 29, 2020, Appellant filed a Motion for Orders to Effectuate Service of Subpoenas on both trial counsel and PCRA counsel. On January 4, 2021, the PCRA court denied that Motion without prejudice.[3]

On February 10, 2021, the court continued the hearing to March 12, 2021, due to the unavailability of the Commonwealth's witness, Appellant's trial counsel, Michael Gough, Esq. On March 12, 2021, the court held the

---

[3] The PCRA court included a footnote in its Order stating that the hearing scheduled for February 11, 2021, was not an evidentiary hearing because the court was only going to consider the special conditions in Defendant's sentence.

hearing at which the only witness presented by the Commonwealth was Attorney Gough. Appellant did not cross-examine the witness and did not present evidence. On March 18, 2021, the court entered an Order denying all claims raised in Appellant's *pro se* PCRA petition and amended petition.

Appellant filed a timely *pro se* Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

*Pro se* Appellant raises four issues, three of which challenge the PCRA Court's conclusion that PCRA counsel and trial counsel did not provide ineffective assistance of counsel. The fourth issue, however, is the only one we address here: whether the PCRA court denied Appellant his rule-based right to PCRA counsel. Appellant's Br. at 28-29.

Our rules of criminal procedure provide that when an indigent prisoner files his first PCRA petition, the trial court shall appoint counsel. Pa.R.Crim.P. 904(C). ***See Commonwealth v. Albert***, 561 A.2d 736, 738 (Pa. 1989) ("[I]n this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence."). In this context, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." ***Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013) (quoting ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998)). A petitioner's "ruled-based right to effective counsel extends throughout the entirety of his first PCRA proceeding." ***Betts***, 240 A.3d at 623.

In order to obtain review of a claim that PCRA counsel provided ineffective assistance, a PCRA petitioner historically has been required to raise the challenge in response to counsel's motion to withdraw from representation or in a timely response to a PCRA court's Rule 907 notice of intent to dismiss the petition. *See generally Commonwealth v. Bradley*, ___ A.3d ____, 2021 WL 4877232 (Pa. filed Oct. 20, 2021) (setting forth the history of the right to representation by PCRA counsel and the mechanisms for challenging PCRA counsel's stewardship). Here, not only did Appellant raise his challenge to PCRA counsel's representation in a timely response to the Rule 907 notice, but the PCRA court allowed Appellant to amend his PCRA Petition with the claims raised in his Rule 907 response. Thus, the preservation of Appellant's challenge to PCRA counsel's effectiveness is not at issue.[4]

The question here is whether under the circumstances presented the PCRA court erred in denying Appellant's motion for the appointment of new PCRA counsel. Even if Appellant had not filed his motion for the appointment of new PCRA counsel, "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court

---

[4] Our Supreme Court recently held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, No. 37 EAP 2020, at 33, ___ A.3d ___, 2021 WL 4877232 at *15 (Pa. filed Oct. 20, 2021).

is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Betts**, **supra** at 621 (citation omitted).

In **Betts**, the appellant challenged the effectiveness of PCRA counsel in *pro se* objections filed in response to the court's Rule 907 notice. The PCRA court dismissed the PCRA petition without addressing the issues raised in the allegations of PCRA counsel's ineffective assistance. After some procedural peculiarities, including the PCRA court holding a **Grazier** hearing requested by PCRA counsel rather than addressing Appellant's PCRA ineffectiveness claims, this Court concluded that the appellant was entitled to remand for the appointment of substitute counsel to litigate the ineffectiveness claims lodged against PCRA counsel as a "solution to the conundrum posed by the procedural irregularities in this case." **Betts**, **supra** at 625.

While the instant case has its own procedural peculiarities, it is equally apparent here that this case presented an "instance[] where allegations of ineffectiveness have necessitated the appointment of substitute counsel in the post-collateral context." **Id.** at 623. Appellant had a right to effective counsel when he alleged Attorney Rapa's ineffectiveness in response to the PCRA court's Rule 907 notice, particularly after the PCRA court allowed Appellant to amend his petition with his illegal sentencing claim and concluded an evidentiary hearing was required to address the issue underlying his layered ineffectiveness claim. **Id**. By denying Appellant's motion for the appointment of new PCRA counsel, the court failed to enforce Appellant's "ruled-based right

to effective counsel . . . throughout the entirety of his first PCRA proceeding." *Id*. at 623. We conclude that the best mechanism "to ensure Appellant's interests are adequately represented and his right to counsel fully realized," is to remand for the appointment of new PCRA counsel. *Id*. at 624.

On remand, we direct the PCRA court to appoint substitute PCRA counsel to represent Appellant and hold a new hearing.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2021