J-S31030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID SMITH | : | |
| | : | |
| Appellant | : | No. 84 EDA 2020 |

Appeal from the PCRA Order Entered November 22, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013850-2012

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    Filed: November 18, 2021

Appellant, David Smith, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On September 11, 2014, a jury convicted Appellant of first-degree murder, robbery, and carrying a firearm on public streets of Philadelphia.  The trial court sentenced Appellant that day to life imprisonment.  This Court affirmed the judgment of sentence on May 31, 2017, and denied reargument on July

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

31, 2017. *See Commonwealth v. Smith*, 164 A.3d 1255 (Pa.Super. 2017). Appellant filed a timely petition for allowance of appeal in our Supreme Court, which the Court denied on December 6, 2017.

Appellant filed the current timely *pro se* PCRA petition on December 14, 2018. In his petition, Appellant claimed that he lacked access to the record in his case to prosecute his PCRA petition in a meaningful way. Thus, Appellant raised generic claims of trial counsel's ineffectiveness, trial court error, and "manifest injustice." Appellant also acknowledged a recent change in the prison mailing system, which required all mail be sent to prisoners "c/o Smart Communications" in St. Petersburg, Florida. Appellant alleged that the new mailing system resulted in difficulties in obtaining prisoner mail.

The court appointed PCRA counsel, who entered his appearance on June 24, 2019. On October 11, 2019, PCRA counsel filed a "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). PCRA counsel claimed that he sent Appellant letters on July 18, 2017, August 3, 2019, and September 12, 2019, but received no response from Appellant. In the absence of any communication with Appellant, counsel indicated that he reviewed the record and did not identify any issues of arguable merit to advance on Appellant's behalf.

On October 17, 2019, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant filed a *pro se*

response on November 8, 2019, claiming he did not receive any of the letters counsel purportedly sent to Appellant or the **Turner**/**Finley** letter.

On November 22, 2019, the Commonwealth and PCRA counsel appeared before the court for the formal dismissal of the PCRA petition. Appellant was not present at that proceeding. PCRA counsel brought copies of the letters he sent to Appellant, which the court admitted as exhibits. The court subsequently denied PCRA relief and granted counsel's request to withdraw. Appellant timely filed a *pro se* notice of appeal.[2] No Pa.R.A.P. 1925(b) statement was ordered or filed. On February 25, 2021, appellate counsel entered an appearance on Appellant's behalf.

Appellant raises one issue for our review:

> Should this first PCRA Petition be remanded for renewed PCRA proceedings where [Appellant] claimed in his 907 Objection that he never received any communications from his appointed attorney prior to attorney's filing of a **Finley**-Letter; attorney presented "proof" at a hearing that he in fact mailed several letters to [Appellant]; [Appellant] was not present at the hearing to contest the attorney's assertions; and attorney's mailings were not properly addressed?

(Appellant's Brief at 1-2).

Appellant argues there was a disputed issue of material fact at the

---

[2] Appellant's *pro se* notice of appeal is dated December 12, 2019 and postmarked December 17, 2019, so it is timely under the prisoner mailbox rule. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining that prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

- 3 -

November 22, 2019 PCRA proceeding concerning whether Appellant received PCRA counsel's correspondence.  Appellant asserts that under Pa.R.Crim.P. 908(C),[3] the court should have allowed Appellant to be present at the November 22, 2019 proceeding so that Appellant could have presented evidence proving he did not receive counsel's communications.  Appellant suggests PCRA counsel was ineffective for failing to communicate with Appellant about the claims Appellant wanted to pursue on collateral review.

Appellant emphasizes that PCRA counsel sent communications to Appellant "c/o Smart Communications," which Appellant did not receive. Appellant insists that the PCRA court sent correspondence to Appellant (*i.e.*, the Rule 907 notice and dismissal order) directly to his place of incarceration, which Appellant did receive.  Appellant claims that had he been present at the November 22, 2019 proceeding, he could have offered prison mailing logs into evidence to support his assertions.  Appellant concludes there was a breakdown in the communication between PCRA counsel and Appellant in this case, and this Court must remand for a renewed PCRA proceeding.  We agree some relief is due.

This Court has explained:

> "[W]here an indigent, first-time PCRA petitioner was denied
> his right to counsel—or failed to properly waive that right—
> this Court is required to raise this error *sua sponte* and

_____

[3] Rule 908(C) states: "The judge shall permit the defendant to appear in person at the [PCRA] hearing and shall provide the defendant an opportunity to have counsel."  Pa.R.Crim.P. 908(C).

remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa.Super. 2011).

As this is Appellant's first PCRA petition, he enjoys a well-recognized right to legal representation during this initial collateral review of his judgment of sentence. ***See Commonwealth v. Albert***, 561 A.2d 736, 738 (Pa. 1989) ("[I]n this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence"). In this context, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." ***See Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013) (quoting ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998)).

***Commonwealth v. Betts***, 240 A.3d 616, 621 (Pa.Super. 2020).

Additionally, this Court has emphasized the importance of effective assistance of counsel regarding a petitioner's first PCRA petition:

While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of [the PCRA], a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

***Commonwealth v. Robinson***, 970 A.2d 455, 458-59 (Pa.Super. 2009) (*en banc*). Where the right to effective PCRA counsel has been denied by the action of court or counsel, "the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage

of post-conviction review." **Betts, supra** at 624 (internal citation omitted).

Further:

> Counsel petitioning to withdraw from PCRA representation must proceed [under **Turner**/**Finley**] and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510-11 (Pa.Super. 2016) (quoting

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012)).

Instantly, at the November 22, 2019 proceeding, the court credited PCRA counsel's testimony that he attempted to communicate with Appellant via three letters. The court decided Appellant's objections to the Rule 907 notice were meritless, stating: "They do not in any way change the [c]ourt's position that the **Finley** letter is complete." (N.T., 11/22/19, at 9). Nevertheless, Appellant was not present at the proceeding, and it is unclear if Appellant even had notice of it. Notably, the Commonwealth does not oppose

a limited remand to address the narrow issue of whether a breakdown in communications deprived Appellant of an adequate opportunity to raise potential issues for counsel to litigate on Appellant's behalf. (**See** Commonwealth's Brief at 4). Given the significant rights at issue as this is Appellant's first PCRA petition (**see Robinson, supra**), and in light of the Commonwealth's agreement to remand, we vacate the order denying PCRA relief and remand for further proceedings. Upon remand, the court shall schedule a hearing to decide whether Appellant received PCRA counsel's communications. If the court decides Appellant did not receive PCRA counsel's communications, the court shall afford Appellant the opportunity to file a counseled, amended PCRA petition. If the court decides Appellant received PCRA counsel's communications but ignored them, the court can reinstate the order denying PCRA relief. Accordingly, we vacate and remand with instructions.

Order vacated. Case remanded with instructions. Jurisdiction is relinquished.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/21