J-S27039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK FELDER | : | |
| | : | |
| Appellant | : | No. 2329 EDA 2021 |

Appeal from the PCRA Order Entered October 14, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007351-2017

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED FEBRUARY 14, 2023**

Frank Felder ("Felder") appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate the order and remand for further proceedings.

In 2017, the trial court convicted Felder of third-degree murder, robbery, and related offenses.  In 2019, the trial court sentenced him to an aggregate term of twenty-five to fifty years in prison.  This Court affirmed the judgment of sentence on February 13, 2020.  *See Commonwealth v. Felder*, 227 A.3d 414 (Pa. Super. 2020).  Felder did not seek review in our Supreme Court.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

On February 25, 2021, Felder filed the instant timely *pro se* PCRA petition, his first.[2]  Therein, he asserted, *inter alia*, claims that direct appeal counsel was ineffective for failing to ascertain that the trial transcripts were not certified by the court reporter.  The PCRA court appointed counsel, Gary Server, Esquire ("Attorney Server"), who filed a motion for discovery to obtain certifications signed by the court reporter.  The PCRA court granted the motion and ordered the Commonwealth to produce the requested certifications.  However, the signed certifications could not be located.  ***See*** PCRA Court Opinion, 10/14/21, at 7 (explaining that neither the PCRA court nor PCRA counsel could locate the certified transcripts with the court reporter's signature).

---

[2] Felder's judgment of sentence became final on Monday, March 16, 2020, thirty-two days after this Court affirmed his judgment of sentence and he declined to petition our Supreme Court for review.  ***See*** 42 Pa.C.S.A. § 9545(b)(3) (providing that a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, the Supreme Court of the United States, or at the expiration of time for seeking the review"); ***see also*** Pa.R.A.P. 1113 (providing that a petition for allowance of appeal shall be filed with the prothonotary of the Supreme Court of Pennsylvania within thirty days of the entry of the order of the Superior Court sought to be reviewed); 1 Pa.C.S.A. § 1908 (providing that when the last day for a statutory filing deadline falls on a weekend or holiday, the deadline shall be extended until the next business day); Pa.R.A.P. 107 (incorporating 1 Pa.C.S.A. § 1908 with respect to deadlines set forth in the Rules of Appellate Procedure).  Accordingly, Felder had until March 16, 2021 to file a timely PCRA petition.  ***See*** 42 Pa.C.S.A. § 9545(b)(1) (providing that, under the PCRA, any petition shall be filed within one year of the date the judgment becomes final).  The instant petition, filed on February 25, 2021, was filed eleven months after the judgment of sentence became final.  Therefore, the petition is timely under the PCRA, and the court had jurisdiction to address it.  ***See*** 42 Pa.C.S.A. § 9545(b)(3).

In September 2021, Attorney Server filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In the "no-merit" letter, Attorney Server concluded that Felder's claims regarding the trial transcripts were not cognizable under the PCRA because they did not fall within any of the enumerated bases for relief specified by 42 Pa.C.S.A. § 9543(a)(2). **See** "No-Merit" Letter, 9/2/21, at 6. On September 10, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition in twenty days without a hearing. On September 30, 2021, Felder filed a motion for extension of time to respond to the notice. On October 14, 2021, the PCRA court entered an order granting Attorney Server's motion to withdraw and dismissing the petition. On October 19, 2021, the PCRA court entered a supplemental order and opinion denying the motion for extension of time to respond to the notice. Felder filed a timely notice of appeal.[3]

Felder raises the following issues for our review:

I.   WHETHER THE LOWER COURT ERRED AND ABUSED IT'S [*sic*] DISCRETION IN ACCEPTING [ATTORNEY SERVER'S "]NO[-]MERIT["] LETTER AND DISMISSING [FELDER'S] PCRA PETITION WHERE [ATTORNEY SERVER] FAILED TO EXPLAIN WHY THE ACTUAL ISSUES RAISED BY [FELDER] LACKED MERIT?

_____

[3] The PCRA court did not order Felder to file a statement pursuant to Pa.R.A.P. 1925(b), nor did it file an opinion pursuant to Rule 1925(a).

> II.   WHETHER THE LOWER COURT ERRED AND ABUSED IT'S [*sic*] DISCRETION IN IT'S [*sic*] FINDING THAT [FELDER'S] CLAIMS PERTAINING TO THE VERACITY OF THE TRANSCRIPTS OF THE CASE ARE NOT CONGIZABLE [*sic*] UNDER THE PCRA STATUTE, AND/OR WAIVED?
>
> III.  WHETHER THE LOWER COURT ERRED AND ABUSED IT'S [*sic*] DISCRETION IN DENYING [FELDER'S] PETITION FOR EXTENSION OF TIME TO FILE HIS RESPONSE TO THE COURT'S NOTICE OF INTENT TO DISMISS PURSUANT TO Pa.R.Crim.P. RULE 907?

Felder's Brief at 4 (capitalization in original).

Our standard of review of an order dismissing a PCRA petition is as follows:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence resulted from one or more of the following:

> **(i)** A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-

determining process that no reliable adjudication of guilt or innocence could have taken place.

**(ii)** Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

**(iii)** A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

**(iv)** The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

**(vi)** The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

**(vii)** The imposition of a sentence greater than the lawful maximum.

**(viii)** A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

A PCRA petitioner has a rule-based right to the appointment of counsel for a first PCRA petition. ***See*** Pa.R.Crim.P. 904. Pursuant to this procedural rule, not only does a PCRA petitioner have the right to counsel, but he is also entitled to the effective assistance of counsel. ***See Commonwealth v. Bradley***, 261 A.3d 381, 391-92 (Pa. 2021); ***see also Commonwealth v. Albert***, 561 A.2d 736, 738 (Pa. 1989) (holding that rule-based right to counsel in a PCRA proceeding embodies the "concomitant right to effective assistance of counsel" in the PCRA court); ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998) (holding that the appointment of counsel pursuant to [Pa.R.Crim.P. 904] carries with it an "enforceable right to effective post-

conviction counsel"). The guidance and representation of an attorney during collateral review ensures that meritorious legal issues are recognized and addressed, and that meritless claims are abandoned. *See Bradley*, 261 A.3d at 391-92.

Counsel petitioning to withdraw from representation in the PCRA court pursuant to *Turner* and *Finley* must review the case zealously before submitting a "no-merit" letter to the PCRA court detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. *See Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). The PCRA court must then conduct its own review of the merits of the case, and if the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. *Id*.

In his first two issues, Felder contends that the PCRA court erred or abused its discretion by accepting Attorney Server's "no-merit" letter and dismissing Felder's petition for the reasons advanced by Attorney Server. Felder points out that, in his *pro se* petition, he raised two issues in which he claimed that his direct appeal counsel was ineffective for failing to challenge the trial transcripts on the basis that those transcripts were not certified by the court reporter. Felder asserts that, in the "no-merit" letter, Attorney Server concluded that Felder's issues were not cognizable under the PCRA

pursuant to section 9543(a)(2), and that, even if the issues were cognizable, they were waived for failure to raise them in Felder's direct appeal. According to Felder, "[Attorney Server] totally ignore[d] the fact that both of [Felder's] issues raised regarding the transcripts . . . were raised as issues of ineffective assistance of counsel, which is cognizable under the PCRA statute pursuant to [section] 9543(a)(2) . . .." Felder's Brief at 12. Felder maintains that Attorney Server's "no-merit" letter failed to explain why the transcript-related issues that Felder sought to raise lacked merit, and the PCRA court erred by accepting the "no-merit" letter and dismissing the petition on the basis that the claims were not cognizable under the PCRA.

The PCRA court considered Felder's first two issues and determined that they lacked merit. The court reasoned:

> [Felder's] first two claims concern the notes of testimony from his underlying criminal trial. Neither this court nor PCRA counsel could find "certified" copies of the notes with the court reporter's signature. These claims are not cognizable under the PCRA and they fail for that reason alone. Under 42 Pa.C.S.[A. §] 9543(a)(2), a petitioner seeking collateral relief must establish a claim under one of the enumerated grounds in the statute, and deficient notes of testimony do not qualify. Further to qualify for collateral relief, a petitioner must show that their claim is not waived. 42 Pa.C.S.[A. §] 9543(a)(3). A claim is waived if it could have been raised on direct appeal or in a prior PCRA petition, but a petitioner fails to do so. *Id*. Pursuant to Pa.R.A.P. 1922(c)(1), a party in an appeal has five days to object to the filed transcript with the trial court. [Felder] failed to do so, and he is unable to use any deficiencies in those notes on collateral review.

PCRA Court Opinion, 10/14/21, at 7-8.

Perplexingly, neither the PCRA court nor Attorney Server acknowledged that Felder's *pro se* claims concerning the trial transcripts were clearly framed in terms of the ineffectiveness of direct appeal counsel. ***See id.***; ***see also*** "No-Merit" Letter, 9/2/21, at 6. Our review of the record discloses that such claims were unequivocally presented as ineffectiveness claims based on direct appeal counsel's failure to challenge the lack of certification of the transcripts. ***See*** *Pro Se* PCRA Petition, 2/25/21, at 4-11. Pursuant to section 9543(a)(2), these ineffectiveness claims are cognizable under the PCRA. Moreover, the PCRA court's conclusion that Felder waived any challenge to the trial transcripts by failing to object to the transcripts within five days of their filing ignores the fact that Felder was represented by direct appeal counsel at the time the transcripts were filed. Thus, the PCRA court committed error by concluding that Felder's ineffectiveness claims pertaining to direct appeal counsel's failure to challenge the trial transcripts are not cognizable under the PCRA. For this reason, we vacate the order dismissing Felder's petition, and remand for further proceedings.

Additionally, as explained above, Felder had an enforceable rule-based right to effective counsel during the litigation of his first PCRA petition. ***See*** Pa.R.Crim.P. 904; ***see also Bradley***, 261 A.3d 381, 391-92; ***Albert***, 561 A.2d at 738; ***Albrecht***, 720 A.2d at 699-700. Accordingly, as Attorney Server's representation was patently deficient, we direct the PCRA court to appoint replacement counsel to review Felder's *pro se* petition and determine

whether an amended petition should be filed or a "no-merit" letter compliant with the dictates of **Turner**/**Finley** should be submitted to the court.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2023